**Herbert L. HAWTHORNE, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 1481.**

Supreme Court of Alaska.

Sept. 25, 1972.

David C. Backstrom, Asst. Public Defender, Fairbanks, Herbert D. Soll, Public Defender, Anchorage, for appellant.

Monroe N. Clayton, Dist. Atty., Fairbanks, for appellee.

Before BONEY, C. J., and RABINOWITZ, CONNOR, ERWIN and BOOCHEVER, JJ.

CONNOR, Justice.

In this criminal appeal we are asked to determine whether (1) the trial court erred in refusing to give a jury instruction covering what appellant claims is a lesser included offense, and (2) the sentence imposed upon appellant was excessive.

At about midnight on the evening of October 6, 1970, Merlyn D. Wilson was walking toward the Sombrero Restaurant in Fairbanks, Alaska. As he approached the restaurant a car stopped behind him, a man exited from the car, placed his right arm around Mr. Wilson,[1] and demanded money. Wilson complied with the demand. At the urging of another person in the car,[2] the assailant departed.

Mr. Wilson summoned the police. When the police arrived on the scene, Mr. Wilson joined them and they proceeded until they approached a car matching the description of the assailant's car. The car was already stopped with two patrol cars beside it. At trial Mr. Wilson testified that the man who exited from the right front seat of the stopped car was his assailant. At trial he also identified the appellant as this same person.

After indictment for the robbery of Mr. Wilson, appellant and Reginald W. Aikens were tried by a jury. At the close of the state's case, a motion for acquittal was granted to Aikens and denied to appellant.

■ At the conclusion of the trial the court asked for any special instructions that the parties wished to propose. Defense counsel orally[3] requested an instruction on larceny from the person as a lesser included offense. The court refused this request.

Defense counsel objected to the refusal to give the lesser included offense instruction because of the conflicting testimony concerning the use of a knife in perpetrating the crime. The basis of the objection was that defense counsel planned to em-

phasize in his closing argument that the victim could have been mistaken about the knife, as his testimony indicated that he was mistaken about the presence of a gun.[4]

The jury returned a verdict of guilty.

At the time of sentencing, the probation officer recommended a sentence of five years with two years suspended. The prosecutor concurred with this recommendation of the probation officer, and the defense counsel recommended a more lenient sentence of five years with three and one-half years suspended. After listening to the various recommendations, the court sentenced the appellant to ten years, with none of the sentence suspended.

I

In this appeal the state does not contest the rule that the jury must be instructed as to any lesser included offenses of which, on the evidence, the accused might be convicted. The real question is whether in this case larceny from the person was necessarily included within the offense of robbery which was charged in the indictment. Resolution of this question turns, therefore, upon the pattern of evidence presented and upon the nature of the two offenses with which we are concerned in this appeal:

Our statutes define these two offenses as follows:

AS 11.15.240: "Robbery. A person who, by force or violence, or by putting in fear, steals and takes anything of value from the person of another is guilty of robbery, and is punishable by imprison-

---

1. Wilson's testimony also included a statement that the defendant had held a knife to his throat with his left hand. The victim gave a detailed description of the knife, but the defendant's witnesses gave testimony that tended to show the absence of a knife.

2. This other person, Reginald Aikens, was a co-defendant.

3. While an oral request for instruction may suffice in some cases to alert the court to the necessity of a mandatory

instruction, Criminal Rule 30(a) requires that requested instructions be in written form. We do not approve of the practice of making oral requests in the usual situation. See Wilson v. State, 473 P.2d 633, 637 n. 7 (Alaska 1970).

4. Immediately after the crime the victim indicated that the defendant had also been armed with a gun, but he did not make this assertion when called as a prosecution witness at the trial.

ment in the penitentiary for not more than 15 years nor less than one year."

AS 11.15.250: "Larceny from the person. A person who, other than by force and violence or by putting in fear, steals and takes from the person of another anything of value, is punishable by imprisonment in the penitentiary for not more than five years nor less than one year."

As we noted in Whitton v. State, 479 P.2d 302, 304 (Alaska 1970), the difference between these two offenses is quite obvious:

"The legislature has made it a crime to steal or take from another anything of value. When this crime is committed without force or violence, and without putting the victim in fear, it is called larceny from the person, punishable by imprisonment for not less than one year nor more than five years. When the crime is committed by force or violence, or by putting the victim in fear, it is called robbery. . . ." (footnote omitted).

▮ In this case the victim testified that he relinquished his money at his assailant's demand while he was being assaulted on a deserted street, late at night. Although there was a dispute at trial about the presence of a knife in the hands of the assailant, the absence of a knife would not appreciably reduce the degree of fear experienced by the victim. This is because the victim reasonably apprehended at the time that a knife or gun was being employed by his assailant. Even if he were mistaken, force was exerted, and the circumstances of the assault were sufficient to cause fear in any normal person.[5] We note additionally that the defense in this case centered on whether it was the defendant Hawthorne or someone else who committed the robbery.

▮ There is no interpretation of the facts in this case under which the jury could reasonably find that the money was taken from the victim by means other than the use of force or fear. There was either a robbery or no crime at all. Therefore, there was no evidentiary basis for giving an instruction on larceny from the person as a possible lesser included offense. It was not error to refuse to give the orally requested instruction.[6]

II

In the sentence appeal it is contended that the ten-year sentence is excessive under the standards we announced in State v. Chaney, 477 P.2d 441 (Alaska 1970).

The presentence report reveals that appellant was 23 years old at the time of the offense. He was born and raised in the Rock Island-East Moline area of Illinois. He did not finish high school. From 1966 to 1969 he worked as a fork-lift operator in a factory. He entered the U.S. Army in the latter part of 1969, and was still in

---

5. If the circumstances are such as to place a reasonable man in the apprehension of danger, this is sufficient for robbery. See State v. Luhano, 31 Nev. 278, 102 P. 260, 262; Parnell v. State, 389 P.2d 370, 374 (Okl.Cr.1964); Steward v. People, 224 Ill. 434, 79 N.E. 636 (1906).
In *Steward* the court said that:
"The fear 'must be of such a nature as in reason and common experience is likely to induce a person to part with his property against his will, and to put him, as it were, under the temporary suspension of the power of exercising his will through the influence of the terror impressed.' 24 Am. & Eng. Ency. of Law (2d Ed.) 999." 79 N.E. 636, at 639.

6. We do not consider the question of whether under only a robbery indictment it is permissible to instruct the jury on larceny from the person. An argument could be made that the lesser offense should be charged alternatively in a separate count in the indictment, and that it is unfair to the defendant to convict him of an offense of which he has not been given fair notice by the indictment. This argument undoubtedly would be premised on the thesis that the gravamen of the two crimes is different. But we need not decide these questions, as they are not presented in this appeal.

military service at the time sentence was imposed, but was to be given a bad conduct discharge in the near future.

Appellant's criminal record, a considerable one in view of his age, includes convictions for aggravated assault, theft under $150, battery, and conviction by court martial for larceny.

Appellant contends that his sentence reflects a spirit of punishment far beyond that required for his rehabilitation, for the protection of society, or for ensuring that appellant will not engage in criminal activity after his release. He also contends that there are not present those exceptional circumstances which require the imposition of a ten-year sentence. He cites the recommendations contained in the American Bar Association Standards for Criminal Justice, Sentencing Alternatives and Procedures (Approved Draft 1968); Sec. 2.1, that the maximum prison term for most offenses should not exceed five years, and only in exceptional cases should the term exceed ten years.[7]

■ Considering the gravity of this offense, and appellant's past record of criminal convictions, a substantial sentence was called for.[8] However, we have concluded that we need not decide directly at this time whether the sentence was excessive. For we are impressed by one aspect of the sentencing procedure which, in our opinion, requires further inquiry.

In the presentence report the probation officer states:

"In searching out his background I learned that he was given a psychological evaluation on August 5, 1970. By telephone I learned that he was evaluated as having an immature personality, a personality disorder, but that he was mentally capable and could distinguish right from wrong. There was no indication of any psychological disorder."

■ We think that in this case, before imposing a sentence of ten years, the court should have had the benefit of psychological evaluation of the appellant.[9] The cryptic, summary version contained in the presentence report is certainly not sufficient. The reader is told nothing about the details of the evaluation, the techniques employed, or, for that matter, the identity of the person making the evaluation. We have concluded that the ends of justice would be served by remanding this case to the superior court in order to allow that court the opportunity of developing further information on the psychological and personality characteristics of the appellant, after which a new sentencing should take place. In this connection we believe that an independent, fresh psychological evaluation should be obtained.

We remand this case with directions that the superior court shall arrange for a thorough psychological evaluation of the appellant, that the court shall gather any additional information it may find useful in considering the psychological and personality characteristics of the appellant, that after consideration of such material the court shall hold a new sentencing proceeding and enter a new judgment and commitment reflecting the sentence that the court then determines to impose.

Conviction affirmed, remanded for resentencing.

---

7. The relevant test of the A.B.A. Standards Relating to Criminal Justice § 2.1, at 1 (1968) reads:

"(d) It should be recognized that in many instances in this country the prison sentences which are now authorized, and sometimes required, are significantly higher than are needed in the vast majority of cases in order adequately to protect the interests of the public. Sentences of twenty-five years or longer should be reserved for particularly serious offenses or, under the circumstances set forth in sections 2.5(b) and 3.1(c)

(special term), for certain particularly dangerous offenders. For most offenses, on the other hand, the maximum authorized prison term ought not to exceed ten years except in unusual cases and normally should not exceed five years."

8. In Robinson v. State, 492 P.2d 106 (Alaska 1971), we affirmed a ten-year sentence for robbery.

9. See Robinson v. State, 484 P.2d 686, 689–690 (Alaska 1971).