Richard Carl MARKS, Appellant,

v.

STATE of Alaska, Appellee.

No. 3029.

Supreme Court of Alaska.

Dec. 29, 1976.

Joe P. Josephson, Anchorage, for appellant.

Ivan Lawner, Asst. Dist. Atty., Joseph D. Balfe, Dist. Atty., Anchorage and Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before BOOCHEVER, Chief Justice, and RABINOWITZ, CONNOR, ERWIN and BURKE, Justices.

OPINION

PER CURIAM.

Richard Carl Marks appeals from a sentence of five years imprisonment imposed as a result of his conviction of robbery in violation of AS 11.15.240.[1] Mr. Marks is an Athabascan and was 18 years of age at the time he committed a holdup of the Shop Qwik store in Anchorage, Alaska. Marks used a .22 caliber revolver in perpetrating the offense. Allegedly the hand gun was not loaded, but the store clerk did not know this and was placed in fear.

Review of a sentence must be carried out with a view to effectuate the purposes of the Alaska Constitution[2] and the sentence review statute.[3]

---

1. AS 11.15.240 states:
   *Robbery.* A person who, by force or violence, or by putting in fear, steals and takes anything of value from the person of another is guilty of robbery, and is punishable by imprisonment in the penitentiary for not more than 15 years nor less than one year.

2. Alaska Constitution, art. I, § 12 provides: "Penal administration shall be based on the

principle of reformation and upon the need for protecting the public". '

3. AS 12.55.120. In implementing the provisions of the constitution and statute, the court has recognized the following goals of criminal sanctions: (1) rehabilitation of the convicted offender into a non-criminal member of society; (2) isolation of the offender from society to prevent criminal conduct during the period of confinement; (3) deter-

Although the primary responsibility for sentencing rests with the trial court, the scope of appellate review requires that we make our own examination of the record, focusing on the need for protecting the public, the nature of the crime, and the defendant's character. This independent examination of the justice of a particular sentence is necessary if the review process is to function effectively.[4]

Our standard of review on a sentencing appeal is to determine whether the trial court's imposition of sentence was "clearly mistaken."[5]

Mr. Marks has a prior record as a juvenile. He was adjudicated a delinquent as the result of an incident in which he took a car and engaged in a high speed chase resulting in substantial damage to the car and the pursuing police car. He was placed on probation and required to attend Alcoholics Anonymous meetings once a week. He has a history of drinking problems. From a very young age, Marks experimented with sniffing glue, solvents and aerosol vegetable oil as well as with hashish and amphetamines. He denied current use of drugs except for marijuana. At the time of the offense involved, he had been drinking. Initially, he was charged with a second count of robbing the same store on February 11, 1976, although the second count was dismissed at the request of the District Attorney, apparently because no weapon was used on that occasion.

The psychiatric report concluded that Mr. Marks was mentally competent to understand the nature of the charges against him and to cooperate with his attorney in the preparation of his defense. A subsequent report from the psychiatrist indicated that Mr. Marks would best be dealt with within the Division of Corrections rather than within the mental health system. The judge in sentencing the defendant recommended that he be provided psychiatric help. The judge indicated that he believed Mr. Marks was a danger to society as well as to himself and concluded that he should be incarcerated until he was helped and "can show he can function in society".

Counsel for Mr. Marks alleges that there was insufficient psychiatric evaluation prior to the sentencing. The judge did have Mr. Marks examined by a psychiatrist and requested a supplemental report from that psychiatrist. The report does

rence of the other members of the community who might have tendencies toward criminal conduct similar to those of the offender; (4) deterrence of the offender himself after release; (5) community condemnation of the individual offender, or in other words, the affirmation of societal norms for the purpose of maintaining respect for the norms themselves. *Cleary v. State*, 548 P.2d 952, 953 (Alaska 1976); *State v. Chaney*, 477 P.2d 441, 444 (Alaska 1970). To make a reasoned sentence decision, the sentencing judge must determine the priority and relationship of these objectives in any particular case. *Nicholas v. State*, 477 P.2d 447, 448 (Alaska 1970).

4. The objectives of sentence review are:
    (i) to correct the sentence which is excessive in length, having regard to the nature of the offense, the character of the offender, and the protection of the public interest;

(ii) to facilitate the rehabilitation of the offender by affording him an opportunity to assert grievances he may have regarding his sentence;
    (iii) to promote respect for law by correcting abuses of the sentencing power and by increasing the fairness of the sentencing process; and
    (iv) to promote the development and application of criteria for sentencing which are both rational and just. *State v. Chaney*, 477 P.2d 441, 443 (Alaska 1970) (footnote omitted); *Cleary v. State, supra* at 953 n. 2.

5. *Cleary v. State, supra* at 954 n. 8; *Nicholas v. State, supra* at 449. In some cases, a new standard, the "zone of reasonableness", was discussed. However, in *McClain v. State*, 519 P.2d 811, 813–14 (Alaska 1974), this court analyzed both formulations and adopted the "clearly mistaken" standard exclusively.

not indicate psychiatric problems of such dimensions or of such a nature as would justify remanding for further psychiatric evaluation.[6]

■ While a five-year sentence for an 18-year-old charged with his first felony is doubtlessly a severe sentence,[7] we cannot say that the trial judge was clearly mistaken. He indicated that he was aware of the criteria for sentencing that we have often enunciated based on the case of *State v. Chaney,* 477 P.2d 441, 444 (Alaska 1970). Furthermore, armed robbery is a very serious offense,[8] and the five-year sentence under the circumstances here involved is consistent with other sentences imposed for armed robbery in Alaska.[9]

AFFIRMED.

6. It is clear that Mr. Marks has a substantial drinking problem, and there are also indications that he feels guilty as the result of the death of his 13-year-old sister who fell out of the rear of a station wagon that he was driving.

7. In *Donlun v. State,* 527 P.2d 472, 475 (Alaska 1974), we stated:
   The American Bar Association has stated that in the vast majority of cases prison sentences are significantly higher than are needed to adequately protect the interests of the public and that, except for cases involving *particularly* serious offenses, dangerous offenders and professional criminals, maximum prison terms ought not to exceed five years. (emphasis in original)

8. Robbery involves somewhat different considerations, given its higher potential for injury. The court has affirmed substantial sentences where violence has actually occurred or where life has been endangered, or where prior convictions indicate that "less stern measures have proven unsuccessful." Nonetheless, the opinions evidence a willingness to take a hard look at the age, background and psychiatric profile of the individual offender, and it cannot be said that the court considers the possibility of sentence relief to be automatically foreclosed in the robbery area. However, it would appear appropriate to take into consideration the potential injury to the victim in arriving at a proper sentence. Certainly, the use of weapons aggravates the nature of the crime. (footnotes omitted)

R. Erwin, Five Years of Sentence Review in Alaska, 5 U.C.L.A.—Alaska L.Rev. 1, 13 (1975).

9. *Cleary v. State,* 548 P.2d 952 (Alaska 1976) (2 consecutive 10-year sentences in addition to 5-year federal sentence reversed and remanded); *Davenport v. State,* 543 P.2d 1204 (Alaska 1975) (20-year sentence remanded); *Avery v. State,* 514 P.2d 637 (Alaska 1973) (15 years reversed and remanded); *Hixon v. State,* 508 P.2d 526 (Alaska 1973) (10-year sentence for robbery affirmed); *Hawthorne v. State,* 501 P.2d 155 (Alaska 1972) (10-year sentence for robbery remanded for psychological evaluation and resentencing); *Robinson v. State,* 492 P.2d 106 (Alaska 1971) (10-year sentence for robbery affirmed); *Robinson v. State,* 484 P.2d 686 (Alaska 1971) (sentence creating term of 22 years imprisonment remanded).

Although we remanded many of of these cases, we did not do so because we were convinced that the sentences were excessive. Thus, in *Hawthorne,* we did not reverse a 10-year sentence although we remanded for psychological evaluation. We recommended a psychological evaluation for purposes of resentencing in *Davenport,* and in *Robinson,* 484 P.2d 686 (Alaska 1971), we remanded for psychological evaluation as well as further evidence on parole board policies. In *Avery,* we reversed a 15-year sentence based on improper sentencing procedures but indicated that under the facts of that case, a 15-year sentence might not be excessive.