**Michael W. MUTSCHLER, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. 2764.

Supreme Court of Alaska.

Feb. 16, 1977.

Chris J. Rigos, Asst. Public Defender and Brian Shortell, Public Defender, Anchorage, for appellant.

Ivan Lawner, Asst. Dist. Atty. and Joseph D. Balfe, Dist. Atty., Anchorage, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

## OPINION

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, ERWIN and BURKE, JJ.

BOOCHEVER, Chief Justice.

In this appeal, the defendant raises the sole issue as to whether the sentencing judge was clearly mistaken in ordering two terms of incarceration imposed to run consecutively, instead of concurrently.

Michael Mutschler was found guilty by a jury on two counts of assault with a dangerous weapon in violation of AS 11.15.220. The offense involved cutting one individual on the leg and another on the back with a knife during a brief fight which occurred in the enclosed entranceway to the Alyeska Ski Resort.[1]

The maximum sentence for violation of AS 11.15.220 [2] is ten years. For two counts, the total would be twenty years. The trial judge imposed two sentences of three years each—the first sentence with one year suspended, and the second sentence with two years suspended. The sentences were made consecutive.

AS 11.05.050 specifies:

*Consecutive sentences.* If the defendant is convicted of two or more crimes, before judgment on either, the judgment may be that the imprisonment upon one

---

1. The back wound was six inches long and penetrated to the bone. The thigh incision sliced through three major muscles.

2. AS 11.15.220 provides:
 *Assault with dangerous weapon.* A person armed with a dangerous weapon, who assaults another with the weapon, is punishable by imprisonment in the penitentiary for not more than 10 years nor less than six months, or by imprisonment in jail for not more than one year nor less than one month, or by a fine of not more than $1,000 nor less than $100.

conviction begins at the expiration of the imprisonment for any other of the crimes. If the defendant is imprisoned upon a previous judgment on a conviction for a crime, the judgment may be that the imprisonment commences at the expiration of the term limited by the previous judgment.

In *State v. Chaney,* 477 P.2d 441, 443 (Alaska 1970), we discussed the objectives of sentence review as set forth by the American Bar Association Standards Relating to Appellate Review of Sentences as follows:

(i) to correct the sentence which is excessive in length, having regard to the nature of the offense, the character of the offender, and the protection of the public interest;

(ii) to facilitate the rehabilitation of the offender by affording him an opportunity to assert grievances he may have regarding his sentence;

(iii) to promote respect for law by correcting abuses of the sentencing power and by increasing the fairness of the sentencing process; and

(iv) to promote the development and application of criteria for sentencing which are both rational and just.[3]

Our review of Mr. Mutschler's sentence is in the context of endeavoring to increase the fairness of the sentencing process and to promote the development and application of criteria for sentencing which are both rational and just.

It is not contended that the imposition of consecutive sentences in this case violates the double jeopardy provisions of art. I, sec. 9 of the Alaska Constitution.[4] Counsel argues, however, that the two stabbings should be considered as one general transaction and a single criminal episode. He argues that ordering the sentences to be served consecutively was improper and thus rendered the sentences excessive.

Reliance is placed on the case of *State v. Pete,* 420 P.2d 338, 342 (Alaska 1966), decided prior to the enactment of AS 12.55.120,[5] authorizing appellate review of sentences. Pete was found guilty of two counts of unlawful sale of intoxicating liquor. Both counts involved sales of a bottle to the same individual, and both sales occurred on the same day. Pete was sentenced to two consecutive maximum terms of one year imprisonment. The majority of the court stated that:

In light of the fact that the two offenses were really part of one general transaction involving the unlawful sale of liquor, we believe the judgment of conviction should be modified so as to limit appellee's sentences to the term of imprisonment that he has now served.

Pete had already served seventeen and one-half months, and the court did not vacate the consecutive portion of the sentence. Thus, *Pete* cannot be read as holding that consecutive sentences are impermissible in the circumstance where the separate offenses are part of one general occurrence or transaction.[6]

The later case of *Davenport v. State,* 543 P.2d 1204 (Alaska 1975), expressly upheld the imposition of two consecutive ten-year sentences for robbery of two individuals during the same transaction.[7] In *Davenport,* Justice Connor, speaking for a unanimous court, stated:

---

3. Standard 1.2 (Approved Draft 1968).

4. *Davenport v. State,* 543 P.2d 1204, 1208 (Alaska 1975).

5. AS 12.55.120 specifies in part:

*Appeal of sentence.* (a) A sentence of imprisonment lawfully imposed by the superior court for a term or for aggregate terms exceeding one year may be appealed to the supreme court by the defendant on the ground that the sentence is excessive. By appealing a sentence under this section, the defendant waives the right to plead that by a revision of the sentence resulting from the appeal he has been twice placed in jeopardy for the same offense.

6. Later, in *Bear v. State,* 439 P.2d 432 (Alaska 1968), a majority of the court held that it did not have the power to review sentences for excessiveness in the absence of statutory authorization.

7. In *Lanier v. State,* 486 P.2d 981 (Alaska 1971), the defendant was found guilty of sixty separate counts of false pretenses in soliciting

In deciding whether multiple sentences can be imposed for a criminal act resulting in harm to more than one victim, we must address the question in light of the basic interests of society to be vindicated or protected. We have stated, in this regard, that the "focus must be on the intent and conduct of the perpetrator" so that the "punishment may fit the crime." *Thessen,* [*v. State,* Alaska, 508 P.2d 1192] *supra* at 1197.

Generally, we agree with the California Supreme Court, which observed:

'A defendant who commits an act of violence with the intent to harm more than one person or by a means likely to cause harm to several persons is more culpable than a defendant who harms only one person. For example, a defendant who chooses a means of murder that places a planeload of passengers in danger, or results in injury to many persons, is properly subject to greater punishment than a defendant who chooses a means that harms only a single person.' *Neal v. State,* 55 Cal.2d 11, 9 Cal.Rptr. 607, 612, 357 P.2d 839, 844 (1960).

Specifically, we are concerned with the increased harm or propensity for harm which inheres in a multiple victim robbery. As the dignity and sensibilities of each individual are affronted, the possibility of violence or bodily injury to one or more of the persons present increases. In addition, we are mindful that each victim of a robbery, as an individual, quite probably suffers fear, anxiety, and resentment as the result of this crime against his or her person.[8]

In *Davenport,* we expressly held that there was no error in the imposition of consecutive sentences.[9] *Davenport* thus establishes that consecutive sentences may be imposed when separate offenses with separate intents are committed during a brief time interval in the course of one general transaction.

Defendant also relies on *Faulkner v. State,* 445 P.2d 815 (Alaska 1968), another case decided prior to enactment of AS 12.-55.120. Faulkner was found guilty of seven counts of drawing checks with insufficient funds with intent to defraud in violation of AS 11.20.230, and one count of issuing a check without funds or credit in violation of AS 11.20.210. Consecutive sentences of five years each were imposed on the first seven counts, and an additional consecutive sentence of one year on the remaining count. Faulkner's sentence thus totaled thirty-six years imprisonment. In the *Faulkner* opinion, rendered by this court without agreement by a majority, Justice Dimond held that the sentences violated the constitutional prohibition against cruel and unusual punishment,[10] Justice Rabinowitz held that the court had the power to review sentences and that the sentence was excessive,[11] while Chief Justice Nesbett would have affirmed the sentences imposed.[12] The case affords little precedential value and certainly is not a basis for overruling the sentence imposed here. None of the three separate opinions concludes that consecutive sentences were inappropriate in that case.

In a different context, we held in *State v. Wortham,* 537 P.2d 1117 (Alaska 1975), that the superior court was clearly mistaken in imposing a four-year sentence for larceny in a building in violation of AS 11.20.150 to

---

for organizations. Consecutive sentences of three months imprisonment and a $300.00 fine on twenty counts, a total of five years imprisonment and a $6,000.00 fine, were affirmed. The remaining forty counts ran concurrently. The offenses, however, unlike the facts of this case, were committed over a lengthy period of time.

**8.** *Davenport v. State,* 543 P.2d at 1209.

**9.** *Davenport v. State,* 543 P.2d at 1210. We did remand the case for resentencing due to the

trial judge's mistaken consideration that he could review his sentence at a later time. Jurisdiction of a trial judge to review sentences is limited to a period of sixty days after imposition of sentence. AS 12.55.080, Criminal Rule 35(a).

**10.** *Faulkner, supra* at 818.

**11.** *Id.* at 822.

**12.** *Id.* at 823.

run concurrently with an eight-year sentence previously imposed by the United States District Court for the District of Alaska. We held that the superior court's sentence was too lenient because no portion of the four-year term was made to run consecutively to the eight-year federal sentence. In *Wortham*, however, we were considering a sentence imposed for an unrelated offense while the defendant was already subject to a prior sentence rather than simultaneous sentences for separate counts arising out of one transaction.

Problems similar, in part, to *Wortham* were presented in *Cleary v. State*, 548 P.2d 952 (Alaska 1976). There, Cleary was sentenced by the United States District Court to serve five years for armed bank robbery. He was then convicted in state court for five additional counts of robbery. All six offenses were committed within a three-week period by Cleary who was addicted to an expensive drug. The superior court imposed two consecutive ten-year sentences to run consecutively to the federal sentence. While finding that the cumulative sentences were excessive,[13] we held that a sentence should run consecutively to the federal imposition as in *Wortham*.

In *Cleary, supra* at 596, we referred to the American Bar Association's Standards on Sentencing Alternatives and Procedures, quoting from Sec. 3.4 at page 24 (Approved Draft 1968) as follows:

Imposition of a consecutive sentence should require the affirmative action of the sentencing court. The court should be authorized to impose a consecutive sentence only after a finding that confinement for such a term is necessary in order to protect the public from further criminal conduct by the defendant.

It is Mr. Mutschler's contention that other provisions of Sec. 3.4 of the standards mitigate against imposition of consecutive sentences in his case. Specifically, he points out that Sec. 3.4(b) states that consecutive sentences are rarely appropriate, and that authority to impose such sentences should be circumscribed by statutory limitations.[14]

Here, in reconsidering the sentence,[15] Judge Occhipinti set forth his reasons for imposing consecutive sentences as follows:

The jury found him guilty of a very serious crime. He cut 2 people up. . . . I could very easily justify a 7 or 8 or 9 year sentence which would have been substantially less than the maximum and made it concurrent, but I don't think the message would have been as direct to the defendant as giving him two lenient sen-

---

13. *Cleary, supra* at 956. Justice Burke dissented.

14. Sec. 3.4(b) provides:
 (b) Consecutive sentences are rarely appropriate. Authority to impose a consecutive sentence should be circumscribed by the following statutory limitations:
 (i) The aggregate maximum of consecutive terms should not be permitted to exceed the term authorized for an habitual offender (section 3.3) for the most serious of the offenses involved. If there is no provision for an habitual offender for the offenses involved, there should be a ceiling on the aggregate of consecutive terms which is related to the severity of the offenses involved; and
 (ii) The aggregate minimum of consecutive terms should be governed by the limitations stated in section 3.2; and
 (iii) The court should not be authorized to impose a consecutive sentence until a presentence report (sections 4.1–4.5), supplemented by a report of the examination of the defendant's mental, emotional and physical condition (section 4.6), has been obtained and considered; and
 (iv) Imposition of a consecutive sentence should require the affirmative action of the sentencing court. The court should be authorized to impose a consecutive sentence only after a finding that confinement for such a term is necessary in order to protect the public from further criminal conduct by the defendant.
 These limitations should also apply to any sentence for an offense committed prior to the imposition of sentence for another offense, whether the previous sentence for the other offense has been served or remains to be served.
 Alaska has no statutory limitation on imposition of consecutive sentences.

15. A motion to reconsider the sentence was filed pursuant to Criminal Rule 35(a).

tences consecutively, so that he's reminded that there were . . . 2 active indications of breaking the law, 2 people were hurt . . . .

While two consecutive sentences were imposed, the cumulative effect was of a six-year sentence with three years suspended. It is not contended that the aggregate term of six years with three suspended is excessive in itself. The appeal here goes only to the propriety of consecutive sentences. Although we have frequently had occasion to approve of various provisions of the ABA Standards,[16] we are not bound by them nor required to follow them if they do not apply to a specific situation. The emphasis of the comments pertaining to Sec. 3.4 is on sentences imposed consecutively so as to exceed the maximum sentence for one count and on the aggregate maximum of consecutive sentences.[17] The comments do not address the problem here presented where the consecutive sentences do not exceed the maximum authorized for one count.

 Imposition of consecutive sentences for nonduplicative counts with separate intents is not prohibited under our statutes and rules. We hold that imposition of such sentences under the circumstances here involved is not clearly mistaken where the aggregate sentence is not excessive. We have frequently held that "violent crimes involving physical injury to innocent people are to be regarded as our most serious offenses and are not to be treated lightly." [18] Here, two men were severely wounded.[19] We hold that the superior court was not clearly mistaken in imposing the consecutive sentences.

AFFIRMED.

**16.** *Marks v. State*, 557 P.2d 1136, 1138 (Alaska 1976); *Donlun v. State*, 527 P.2d 472, 475 (Alaska 1974). *See* Erwin, R., *Five Years of Sentence Review in Alaska*, 5 U.C.L.A.—Alaska L.Rev. 1, 13 (1975).

**17.** *See* comment c to Sec. 3.4 at pages 176–77, ABA Standards on Sentencing Alternatives and Procedures (Approved Draft 1968).

**18.** *Ames v. State*, 533 P.2d 246, 250 n. 8 (Alaska 1975); *State v. Armantrout*, 483 P.2d 696

ERWIN, Justice, dissenting.

I am in agreement with the majority that this sentence appeal presents the single issue of whether the sentencing judge was clearly mistaken in ordering two terms to run consecutively, instead of concurrently.

Further, I concur with the majority that this case should be decided within the sentencing objectives we enumerated in *State v. Chaney*, 477 P.2d 441 (Alaska 1970). Specifically, we stated in *Chaney*:

Sentence review by this court must be carried out with a view to effectuate the purposes of the 1969 act, as well as the goals of sentence review in general. The objectives of sentence review have been said to be:

. . . . .

(iv) to promote the development and application of criteria for sentencing which are both rational and just.[1]

To effectuate the objectives set forth in section (iv), in *Cleary v. State*, 548 P.2d 952 (Alaska 1976), we cited with approval to the American Bar Association's Standards on Sentencing Alternatives and Procedures, quoting from section 3.4 at page 24 (Approved Draft 1968), as follows:

Imposition of a consecutive sentence should require the affirmative action of the sentencing court. The court should be authorized to impose a consecutive sentence *only after a finding that confinement for such a term is necessary in order to protect the public from further criminal conduct by the defendant.*[2]

In the commentary following section 3.4 the objectives of the Standard are discussed, and therein it is stated:

(Alaska 1971). *See* Erwin, R., *Five Years of Sentence Review in Alaska*, 5 U.C.L.A.—Alaska L.Rev. 1, 7 (1975).

**19.** Moreover, Mr. Mutschler has a prior felony conviction for sale of marijuana.

**1.** 477 P.2d at 443.

**2.** 548 P.2d at 956 (emphasis added).

Subsection (b)(iv), [§ 3.4] is intended to perform *two* functions. First, it indicates the Advisory Committee's disapproval of present statutes which amount to a pre-sumption in favor of the imposition of a consecutive sentence. See comment a, *supra. The consecutive sentence should be the exception rather than the rule, and in the absence of explicit judicial action multiple sentences should be concurrent.* The second function of subsection (b)(iv) is to express the conclusion that the basis of a consecutive sentence, like the basis of any other sentence which extends for an unusually long period, ought to be a finding by the court that the defendant poses such an exceptional risk to the pub-lic that long-term incarceration is neces-sary as a protective measure.[3]

Thus, as I read section 3.4 as we adopted it in *Cleary* in order to facilitate *Chaney*'s objective to promote the development and application of criteria for sentencing, it es-tablished a procedure condition precedent to the imposition of a consecutive sentence.[4] I have examined the record below and find it devoid of the necessary affirmative finding by the sentencing court establishing a need for consecutive sentences in order to protect the public from future criminal conduct by this defendant. That portion of the tran-script of the sentencing proceeding cited in the majority opinion most certainly fails to support such a finding, for nowhere does Judge Occhipinti concern himself with the issue of future criminal conduct by this defendant and the necessity of consecutive sentences in order to protect the public from such conduct. For the majority to state that section 3.4 emphasizes sentences imposed consecutively so as to exceed the maximum sentence for one count is to over-look the comments pertaining to this sec-tion which state that this section serves two functions. One of the enumerated func-tions is the prohibition of consecutive sen-tences absent explicit judicial action.

Thus, I find it unnecessary to reach the question of whether the sentence was ex-cessive; for I find procedural error below violative of the dictates of *Cleary*, resulting in an impermissibly structured sentence. I see today's decision as one which furnishes no new direction to the trial courts and thus adds nothing to the development of criteria for sentencing, but rather one which will actually undermine principles of sentencing concerning the use of consecutive terms which we established in the *Cleary* case and which we have commanded the courts be-low to apply when exercising their sentenc-ing function.

Accordingly, I would VACATE the im-properly structured sentence and REMAND for resentencing.[5]

---

3. A.B.A. Standards, Sentencing Alternatives & Procedures, § 3.4 Commentary at 179 (Ap-proved Draft 1968) (emphasis added).

4. See emphasized portion of § 3.4 as set forth in text of dissent.

5. I see no problem with respect to double jeop-ardy here so long as the sentence on remand does not exceed the actual length initially im-posed.