**Shawn D. WHITMORE, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. 6907.

Court of Appeals of Alaska.

Feb. 10, 1983.

Susan Orlansky, Asst. Public Defender, and Dana Fabe, Public Defender, Anchorage, for appellant.

Peter Gruenstein, Asst. Dist. Atty., Larry R. Weeks, Dist. Atty., Anchorage, and Wilson L. Condon, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

COATS, Judge.

Whitmore entered a guilty plea to one count of escape in the second degree in violation of AS 11.56.310(a)(1)(A). Judge Seaborn J. Buckalew sentenced Whitmore to a four-year term of imprisonment. Judge Buckalew made this sentence consecutive to a previously imposed three-year sentence for burglary. Whitmore appeals, contending the trial court made several errors in imposing his sentence. We affirm.

Whitmore first argues that the trial judge erred in permitting the state to use his burglary conviction to prove an element of his offense—that he was under "official detention"—and to enhance his sentence by permitting him to be sentenced as a second felony offender. *See* AS 12.55.155(e). We have decided this issue adversely to Whitmore in *Bell v. State,* 658 P.2d 787 (1983).

Whitmore next argues that the trial judge erred in not finding that he had established a mitigating factor, that he "committed the offense under some degree of duress, coercion, threat, or compulsion insufficient to constitute a complete defense, but which significantly affected his conduct . . . ." AS 12.55.155(d)(3). Whitmore testified that another Eagle River Correctional Center inmate had frequently made homosexual advances toward him, and he felt threatened by these advances. He said he reported this problem to the guards, but no action was taken. There

was also an incident where Whitmore had not been informed of the birth of his baby daughter until a week after the event. Whitmore became very upset and made plans to escape. Whitmore was talked out of escaping by another inmate, and Whitmore reported himself to the guards. Whitmore was placed in solitary confinement for two weeks. After he was released from solitary confinement, Whitmore testified that he felt the other inmates thought he was an informer because he had not been charged with an attempted escape. At one point Whitmore was struck by another inmate. When another inmate, Keith, reported this incident to the guards, the inmate who hit Whitmore threatened to kill Keith. Whitmore indicated he felt pressured by these incidents and escaped.

Whitmore contends that Judge Buckalew erred by applying too high a standard when he concluded Whitmore had not established duress as a mitigating factor. Whitmore claims Judge Buckalew applied a standard which would have required him to prove that he had no alternative but to escape. See Bell v. State, 658 P.2d 787 (Alaska App.1983). We have reviewed the record and conclude that Judge Buckalew did not apply too high a standard in deciding that Whitmore had not acted under duress. Judge Buckalew did not decide that Whitmore had not established that he had no alternative but to escape. Rather, he concluded that Whitmore had not established that he was under any more pressure to escape than the average inmate. This conclusion is supported by substantial evidence. For instance, Whitmore admitted that although he had been sexually harassed, no physical force had been used against him. Whitmore also testified that he knew of no rapes which had taken place in the facility. The record also supports Judge Buckalew's conclusion that a certain amount of hostile interaction between inmates would occur in jail and that Whitmore's problems were not out of the ordinary. We conclude that Judge

Buckalew did not err when he failed to find that Whitmore acted under duress.

Whitmore next argues that Judge Buckalew erred in imposing a consecutive sentence without making specific findings justifying the imposition of the consecutive sentence. *Lacquement v. State,* 644 P.2d 856, 862 (Alaska App.1982). In *Lacquement* we held that where consecutive sentences result in an aggregate term that exceeds the presumptive term for a single count, the trial court should make an affirmative finding that the aggregate term is necessary to protect the public from serious danger. *See Mutschler v. State,* 560 P.2d 377, 381 (Alaska 1977).

The state distinguishes *Lacquement,* since the defendant in that case was given consecutive sentences for contemporaneous, previously unsentenced crimes. We agree that *Lacquement* offers no support for Whitmore's assertion. That case relied heavily upon *Mutschler,* which held that where consecutive sentences result in an aggregate sentence which exceeds the maximum sentence for a single count, the trial court must affirmatively find that the aggregate term was necessary to protect the public. In arriving at that holding, the court in *Mutschler* relied upon section 3.4(b)(iv) of the American Bar Association Standards Relating to Sentencing Alternatives and Procedures (Approved Draft 1968),[1] which provided that the imposition of consecutive sentences required the affirmative action of the trial court. 560 P.2d at 380. However, section 3.4(b)(iv) of the ABA Standards was not intended to apply to sentences imposed on offenses committed after sentencing on a previous offense. *See id.* § 3.4 commentary at 180. Under section 3.4(a), the imposition of consecutive sentences "in cases where the defendant is serving a prison sentence at the time of conviction" is entirely within the trial court's discretion; no affirmative finding is required.

---

1. The applicable standard is currently set forth in 3 ABA Standards for Criminal Justice

§ 18–4.5(b)(iv) (2d ed. 1980).

Although there is no specific statutory or judicial requirement for a finding of public necessity, the trial court normally should give specific reasons for imposing a consecutive sentence. Such an explanation complies with Appellate Rule 215(f)(2), which requires the trial judge to give "reasons for selecting the particular sentence imposed." However, we note that the trial judge was in the middle of giving an explanation when he was repeatedly interrupted by Whitmore. Under these circumstances we do not believe that Whitmore can now complain that he did not get a full explanation of the judge's reasons for imposing a consecutive sentence. We conclude that Judge Buckalew did not err in failing to give a full explanation for his imposition of a consecutive sentence.

Whitmore also claims that his four-year consecutive sentence was excessive. We disagree. Whitmore had an extensive juvenile record. He escaped shortly after being sentenced on his burglary conviction. The record reflects that Whitmore was the instigator of the escape. Whitmore's attitude and conduct while he was incarcerated were poor. His attitude at his sentencing was also very poor. Given these negative factors and the need to deter others from escaping, we conclude that Judge Buckalew was not clearly mistaken in imposing the four-year consecutive sentence. *McClain v. State,* 519 P.2d 811, 813–14 (Alaska 1974).

The sentence is AFFIRMED.