Horace NELSON, Appellant,

v.

STATE of Alaska, Appellee.

No. 5063.

Court of Appeals of Alaska.

Nov. 13, 1980.

James H. Cannon, Asst. Public Defender, Fairbanks, and Brian Shortell, Public Defender, Anchorage, for appellant.

Steven J. Call, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, and Avrum M. Gross, Atty. Gen., Juneau, for appellee.

## OPINION

Before BRYNER, C. J., and COATS and SINGLETON, JJ.

PER CURIAM.

Horace Nelson was sentenced to life imprisonment following his conviction on a charge of second degree murder.[1] He has appealed this sentence, contending that the lower court improperly discounted the possibility of rehabilitation and that it erroneously classified him a worst offender within the class of second degree murderers. This court has reviewed the record in this case and has decided that the trial judge was not clearly mistaken in imposing that sentence.

The facts of the case are particularly appalling. Nelson encountered a seventeen year–old girl at an all–night drinking party. In the early morning hours they went to a municipal baseball park, went into a baseball dugout, and had sexual intercourse. Mr. Nelson admits to intentionally strangling her in the dugout. She was found mostly undressed with her legs and hands tied and her breasts severely bitten.[2]

1. See former A.S. 11.15.030.

2. We have reviewed Mr. Nelson's version of how those events took place. Judge Blair indi-

The possibility of rehabilitation must be considered in every case. However, it need not be given the highest priority as a sentencing goal in all cases. The Alaska Constitution places equal emphasis upon protection of the public. See Alaska Const., art. 1, sec. 12. Even considering the fact Mr. Nelson was only 23 at the time of this crime, we do not believe that the court below erred in placing little emphasis on rehabilitation. Nelson was extensively involved in reformation programs at a variety of juvenile detention facilities both in and out of state prior to his reaching the age of 18. As an adult, he had several misdemeanor drug and alcohol convictions and one disorderly conduct conviction. The circumstances of the murder in this particular case indicate that Nelson is either severely mentally disturbed or is extremely callous towards the rights and dignity of other human beings. In either event, it seems clear that Mr. Nelson is a danger to the public, and the reality is that the prospect for his rehabilitation is not good.

The sentencing court had ample reason for stressing the need for protection of the public and for discounting rehabilitation. Furthermore, in light of Nelson's prior record of antisocial behavior, the failure of prior correctional efforts, his drug and alcohol abuse, and his conduct on this occasion, the trial court was not clearly mistaken to classify him as a worst offender.

The sentence is AFFIRMED.

cated that he believed Mr. Nelson did not or could not fully explain the facts of the murder.