Brian ROSS, Appellant,

v.

STATE of Alaska, Appellee.

No. A–3567, 1124.

Court of Appeals of Alaska.

April 12, 1991.

---

Scott Jay Sidell, Anchorage, for appellant.

John R. Vacek, Dist. Atty., Nome, and Douglas B. Baily, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and MANNHEIMER, JJ.

OPINION

BRYNER, Chief Judge.

Brian Ross was convicted after pleading no contest to an information charging him with two counts of second-degree murder. Upon entry of the plea, the state dismissed the original indictment, which charged Ross with two counts of first-degree murder. Superior Court Judge Michael I. Jeffery sentenced Ross to eighty years in prison on each count, with forty years concurrent and forty years consecutive. Ross's composite term is thus 120 years. Ross appeals, contending that the sentence is excessive.

Ross was convicted for the murder of two Nome residents, Doris Koloke and her sixteen-year-old daughter, Michelle. The murders were particularly brutal. The police found Ross' victims in the bedroom of their apartment; Ross had stabbed each more than thirty times. He had used two separate knives. The tip of one knife broke off and remained embedded in the skull of one victim. When the knife broke, Ross apparently went to the kitchen, secured a second knife, and returned to the bedroom to continue his attack. Ross stabbed his second victim with sufficient force to drive the blade of his knife completely through her skull. Evidence at the crime scene suggested that Michelle Koloke may have been sexually assaulted. Upon police questioning, Ross claimed that he had little recollection of the episode because he had experienced an alcoholic blackout. Judge Jeffery, however, found this explanation implausible.

In deciding to impose sentences totalling 120 years, Judge Jeffery recognized that under *Page v. State*, 657 P.2d 850, 855 (Alaska App.1983), the benchmark sentence for second-degree murder is twenty to thirty years. Judge Jeffery also took into account Ross' relative youth (nineteen years old when he committed the offenses) and his lack of an adult criminal record. However, based on the aggravated nature of the crimes, Judge Jeffery concluded that

Ross was a worst offender and deserved an exceptionally severe sentence.

 Judge Jeffery's finding that Ross is a worst offender is not clearly erroneous. A worst-offender finding may properly be based exclusively on the nature of the defendant's conduct. *State v. Wortham*, 537 P.2d 1117, 1120 (Alaska 1975). Here, the fact that Ross killed two innocent victims in their own apartment, the utter lack of a rational explanation for his acts, and the profoundly bizarre and aberrant brutality of the killings are all factors that support the conclusion that Ross is a worst offender. Moreover, Ross' troubled background, his serious and longstanding pattern of substance abuse, and his negative psychological evaluation reinforce the conclusion that he is an extremely dangerous offender. Ross appears to have little or no insight into the seriousness of his problems. There is nothing in the record to indicate that any particular form of treatment could assure successful rehabilitation. *See, e.g., Nukapigak v. State*, 663 P.2d 943, 945 (Alaska 1983).

 Given the circumstances of the offense, the sentencing court's worst-offender finding by itself warranted the imposition of a composite term totalling ninety-nine years, the maximum for a single count of second-degree murder. *See Ahwinona v. State*, 598 P.2d 73, 77 (Alaska 1979); *Faulkenberry v. State*, 649 P.2d 951, 957 (Alaska App.1982); *Nelson v. State*, 619 P.2d 480, 481 (Alaska App.1980). Before imposing consecutive sentences totalling more than ninety-nine years, however, the court was required to make an express finding that a term exceeding the maximum for a single count was actually necessary to protect the public from future dangerous acts by Ross. *See Mutschler v. State*, 560 P.2d 377, 380–81 (Alaska 1977); *Thompson v. State*, 768 P.2d 127, 133–34 (Alaska App.1989). Judge Jeffery did not make the requisite finding.

 The Alaska Supreme Court and this court have occasionally dispensed with the requirement of an express finding of necessity, when the sentencing record has unequivocally established that the defendant posed an extreme danger of future misconduct and lacked potential for rehabilitation. *See, e.g., Neal v. State*, 628 P.2d 19, 21 (Alaska 1981); *Collins v. State*, 778 P.2d 1171, 1177–78 (Alaska App.1989) (Singleton, J., concurring). In our view, however, the sentencing record in this case is not sufficiently clear-cut to warrant dispensing with an express finding. Judge Jeffery's sentencing remarks suggest that the judge may have imposed consecutive sentences of more than ninety-nine years for purposes other than to assure Ross' continued isolation.[1]

We thus find that a remand is necessary. On remand, the sentencing court should make express findings on the issue of whether consecutive sentences totalling

---

1. In his sentencing remarks, Judge Jeffery expressed the view that a finding of necessity to protect the public was not required to justify consecutive sentences exceeding the ninety-nine-year maximum for a single count of murder. In reaching this conclusion, Judge Jeffery relied on *Jones v. State*, 744 P.2d 410, 411–12 (Alaska App.1987). *Jones*, however, did not abrogate the requirement of an express finding of necessity for consecutive sentences exceeding the maximum for the single most serious count. This requirement was formulated by the Alaska Supreme Court in *Cleary v. State*, 548 P.2d 952, 956 (Alaska 1976), and *Mutschler*, 560 P.2d at 380–81. With the advent of Alaska's revised criminal code, this court broadened the *Cleary/Mutschler* rule to apply in the context of presumptive sentencing. We held in *Lacquement v. State*, 644 P.2d 856, 862 (Alaska App. 1982), that, in cases involving multiple convictions for related offenses, the sentencing court was required to make an express finding of need to protect the public before imposing consecutive terms exceeding the presumptive term for the single most serious offense. Subsequently, in *Jones*, 744 P.2d at 411, we reconsidered the *Lacquement* rule and found it unduly rigid. We concluded that consecutive sentences exceeding the highest applicable presumptive term could be justified if the record established, and the sentencing court found, a good reason for imposing such sentences. *Id.; see also Farmer v. State*, 746 P.2d 1300, 1301–02 (Alaska App.1987). *Jones* did not purport to modify the *Cleary/Mutschler* rule, which we have continued to apply. *See Thompson*, 768 P.2d at 133–34; *Collins*, 778 P.2d at 1175–76.

120 years are actually necessary for the purpose of protecting the public. In the event the court decides that the sentence originally imposed is not actually necessary to protect the public, it should modify the sentence accordingly.

The case is REMANDED for further proceedings.