Ronald D. KUVAAS, Appellant,

v.

STATE of Alaska, Appellee.

No. A–547.

Court of Appeals of Alaska.

March 8, 1985.

Jeffrey F. Sauer, Asst. Public Defender, Kenai, and Dana Fabe, Public Defender, Anchorage, for appellant.

Shannon D. Turner, Asst. Dist. Atty., Thomas M. Wardell, Dist. Atty., Kenai, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

COATS, Judge.

Ronald D. Kuvaas was convicted of robbery in the first degree in violation of AS 11.41.500(a)(1). Because Kuvaas had been in possession of a firearm during the incident, he was subject to a presumptive sentence of seven years. AS 12.55.125(c)(2). At the time of his robbery offense Kuvaas was on felony probation from Oregon for driving while his license was revoked and for theft. It is uncontested that although these offenses were felonies in Oregon, they were not felonies under Alaska law. The sentencing judge, Judge Charles K. Cranston, found that Kuvaas' sentence was subject to an aggravating factor, that "the defendant was ... on probation for another felony charge or conviction." AS 12.55.-155(c)(20). Based on this aggravating factor, Judge Cranston enhanced Kuvaas' sentence. Kuvaas was sentenced to fifteen years with seven years suspended. He placed Kuvaas on probation for five years following his release.

Kuvaas appeals, arguing that Judge Cranston erred in applying the aggravating factor to enhance his sentence. Kuvaas argues that we should interpret AS 12.55.155(c)(20) to apply only to defendants who were on probation for a charge or conviction which would have been a felony charge in Alaska. Kuvaas points out that AS 12.55.155 does not give any definition of what constitutes a felony charge or convic-

tion. He urges us to look to AS 12.55.145 in defining what a "felony charge or conviction" is for purposes of AS 12.55.155(c)(20). AS 12.55.145 is the statute which sets forth what prior felony convictions may be considered by the court for purposes of imposing a presumptive sentence. AS 12.55.145(a)(2) provides that:

> [A] conviction in this or another jurisdiction of an offense having elements similar to those of a felony defined as such under Alaska law at the time the offense was committed is considered a prior felony conviction.

The state argues that AS 12.55.145(a)(2) only applies to determine which prior felony conviction the court may consider for purposes of imposing a presumptive sentence. It also argues that there is no indication that the legislature intended to restrict the kind of felony probation which would result in the application of the aggravating factor in AS 12.55.155(c)(20). However, if we do not apply the definition of felony conviction in AS 12.55.145(a)(2), we must either have no definition of what a prior "felony charge or conviction" is under AS 12.55.155(c)(20) or we must make one out of whole cloth. It seems to us to be preferable to use the definition of felony conviction which is set forth in AS 12.55.145(a)(2). This construction, which defines narrowly what a "felony conviction" is, appears to us to be consistent with the rule of statutory construction that "ambiguities in penal statutes must be narrowly read and construed strictly against the government." *Cassell v. State*, 645 P.2d 219, 222 (Alaska App.1982); 3 C. Sands, *Sutherland Statutory Construction*, § 59.04 (3d ed. 1974). We accordingly hold that Judge Cranston erred in applying AS 12.55.155(c)(20) as an aggravating factor in sentencing Kuvaas. We therefore reverse the sentence and remand for resentencing.[1]

REVERSED and REMANDED.

1. Our disposition of this issue makes it unnecessary for us to reach the other issues which

Kuvaas has argued in attacking his sentence.