Steven P. FARMER, Appellant,

v.

STATE of Alaska, Appellee.

Nos. A–1982 to A–1984.

Court of Appeals of Alaska.

Dec. 24, 1987.

Craig J. Tillery, Asst. Public Defender, Palmer, and Dana Fabe, Public Defender, Anchorage, for appellant.

Eugene B. Cyrus, Asst. Dist. Atty., Steven H. Morrissett, Dist. Atty., Palmer, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

BRYNER, Chief Judge.

Steven P. Farmer was convicted on pleas of no contest to one count of negligent homicide (a class C felony), two counts of fourth-degree assault (class A misdemeanors), and one count of driving while intoxicated (DWI) (a class A misdemeanor). The convictions stemmed from an automobile collision in which one person was killed and two others injured. Farmer also pled no contest and was convicted of several misdemeanors arising from two separate incidents. The first was a break-in and theft at a Big Lake church, occurring about one month before the fatal collision. For this incident, Farmer was convicted of theft in the third degree (a class A misdemeanor), criminal trespass in the second degree (a class B misdemeanor), and criminal mischief in the third degree (a class A misdemeanor). The second incident occurred approximately a year after the collision, while the homicide charge was still pending; Farmer attacked two police officers who were attempting to arrest him for failure to appear in court on the pending charges. For this incident, Farmer was convicted of two counts of fourth-degree assault (both class A misdemeanors).

All of Farmer's charges were consolidated for sentencing before Superior Court Judge Beverly W. Cutler. Judge Cutler sentenced Farmer to serve three years with one and one-half years suspended for the negligent homicide charge and imposed consecutive terms of one year with six months suspended for the two related fourth-degree assault charges.[1]

For the theft, trespass, and criminal mischief charges, Judge Cutler imposed sentences totaling six months with three months suspended. These sentences were made consecutive to the sentences arising from the fatal collision.

For Farmer's subsequent assault on the two police officers, the judge imposed two thirty-day terms, consecutive with each other and with all other sentences.

Farmer's sentences thus totaled five years and eight months of imprisonment, with two years and nine months of that time suspended and two years and eleven months unsuspended. Farmer appeals, contending that this sentence is excessive. We affirm.

On appeal, Farmer argues that, in imposing consecutive terms exceeding the two-year presumptive term for negligent homicide, Judge Cutler did not make an express finding of necessity, as required under *Lacquement v. State*, 644 P.2d 856 (Alaska App.1982). *See also Bolhouse v. State*, 687 P.2d 1166 (Alaska App.1984).

■ More recently, however, we have declined to read *Lacquement* inflexibly. *See Jones v. State*, 744 P.2d 410 (Alaska App., 1987). *But see id.*, at 414–15 (Singleton, J., concurring). When an offender is convicted of multiple crimes, the presumptive term for the most serious crime remains an important benchmark—a benchmark that is not to be exceeded without good reason. Under *Jones*, however, the appropriate focus is no longer on the narrow issue of public danger, but rather on whether a composite sentence exceeding

---

**1.** For his conviction of DWI, Farmer received a concurrent term of thirty days with twenty-seven en days suspended.

the presumptive term is warranted under the totality of the circumstances.

■ Here, Farmer's crimes included an incident of negligent driving that caused one death and two serious injuries. Farmer had smoked marijuana within several hours of the accident. Two additional criminal episodes were also involved in this case. In one, Farmer participated in a theft of property valued in excess of $7,000. His conduct, while charged as a misdemeanor, could have qualified as a burglary. The other incident was an intentional assault that Farmer knowingly directed at two officers who were attempting to perform their duty. Although only eighteen years of age at the time of sentencing, Farmer had a history of problems as a juvenile and appeared to be having difficulty with substance abuse. Farmer's presentence report recommended imposition of a substantial term of imprisonment.

Farmer's composite sentence exceeds the presumptive term for second felony offenders convicted of negligent homicide by only eleven months of unsuspended time. Considering the sentencing record as a whole, we cannot say that the composite sentence

is clearly mistaken. *McClain v. State*, 519 P.2d 811, 813–14 (Alaska 1974).

Farmer has separately argued that, in imposing the thirty-day terms for his assaults on the two police officers, the sentencing court mistakenly believed that consecutive sentences were mandatory. Our own reading of the sentencing record leads us to believe that Judge Cutler was probably aware of her authority to impose the sentences concurrently. However, the sentencing transcript is not entirely unequivocal on this score. There is sufficient ambiguity, in our view, to warrant a remand in order to allow Judge Cutler to redetermine, as a matter of discretion, whether the two thirty-day terms should be imposed consecutively.[2]

The case is REMANDED for redetermination of the decision to impose consecutive sentences in Case No. 3PA–86–1599. In all other respects, the sentence is AFFIRMED.

2. Farmer has suggested that the sentencing court may not have been aware that it had the option of imposing sentences on the other charges concurrently rather than consecutively. The record does not support this suggestion.

The only ambiguity reflected is as to the two thirty-day assault sentences.