**Alex FOX, Appellant,**

v.

**STATE of Alaska, Appellee.**

Nos. A–3092, 3381.

Court of Appeals of Alaska.

Feb. 21, 1992.

Rex Lamont Butler, Anchorage, for appellant.

Kenneth M. Rosenstein, Asst. Atty. Gen., Office of Special Prosecutions and Appeals, Anchorage, and Charles E. Cole, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., COATS, J., and ANDREWS, Superior Court Judge.*

OPINION

BRYNER, Chief Judge.

Alex Fox was convicted by a jury of two counts of selling cocaine (misconduct involving a controlled substance in the third degree). He appeals, contending that the evidence against him should have been suppressed because it resulted from unlawful electronic monitoring. Fox also contends that his sentence is excessive. We affirm.

In January of 1988, Anchorage police received a tip that Alex Fox and his brother, John, were engaged in cocaine trafficking and that John was actively looking for new customers. The police made arrangements for an undercover officer to buy cocaine at the Fox residence. The transaction occurred as scheduled. John Fox made a sale of cocaine to undercover officer David Koch. Alex Fox was not present.

On February 17, 1988, following the initial purchase, the police secured a warrant authorizing them to monitor and record a further undercover buy from John Fox. The police arranged another transaction for February 25. On that date, at the appoint-

---

* Sitting by assignment made pursuant to article IV, section 16 of the Alaska Constitution.

ed time, undercover officer Koch arrived at the Fox residence with his recorder running. However, upon asking for John Fox, Koch was told that he was not present. Alex Fox—whom Koch had never met—then came to the door and asked Koch what he wanted. When Koch told Alex Fox that he had come to buy cocaine from John, Alex said that he would "take care of" Koch. Alex proceeded to sell Koch a gram of cocaine. The sale was recorded by Koch.

Based on this transaction, the police arranged another buy with Alex Fox, obtained a second warrant, and, on February 29, 1988, made another purchase of cocaine from Alex Fox at his residence.

■ As a result of the February 25 and 29 sales, Alex Fox was charged with two counts of misconduct involving a controlled substance in the third degree. Fox moved to suppress the evidence, arguing that the initial warrant was invalid because it did not authorize the police to record a conversation with him, but, instead, only allowed the recording of a transaction involving John Fox. Fox further claimed that the evidence obtained during the February 29 transaction was the fruit of the initial invalid warrant.

After an evidentiary hearing, Superior Court Judge Peter A. Michalski denied Fox's motion to suppress. Although Judge Michalski concluded that the initial warrant did not permit the police to record the transaction with Alex Fox, the judge nevertheless found that recording the transaction was justified by exigent circumstances, given the unanticipated absence of John Fox and the unexpected intervention of Alex Fox.

■ The trial court's findings concerning the validity of the warrantless search are reversible only for clear error. *State v. Bianchi*, 761 P.2d 127, 129 (Alaska App. 1988). In the present case, there is substantial evidence in the record to support Judge Michalski's finding of exigent circumstances; we are satisfied that Judge Michalski was not clearly erroneous in denying Fox's motion to suppress.

■ Fox separately argues that his sentence is excessive. Misconduct involving a controlled substance in the third degree is a class B felony. By virtue of a prior conviction for first-degree sexual assault, Fox was a second felony offender and was subject to a presumptive term of four years for each count. In the present case, Judge Michalski imposed mitigated presumptive terms of four years with two years suspended for each of Fox's convictions. Judge Michalski made the two counts concurrent to each other but consecutive to a four-year term previously imposed on Fox by Superior Court Judge Karl S. Johnstone for a separate conviction of misconduct involving a controlled substance in the third degree, which occurred while the current charges against Fox were pending. In imposing the four-year presumptive term on the prior charge, Judge Johnstone had provided that it be consecutive to any future sentence Fox might receive in other pending cases. The sentences imposed by Judge Michalski in the present case were also made consecutive to a two-year sentence imposed by Superior Court Judge Mark C. Rowland upon revocation of Fox's probation on his original felony conviction for sexual assault. The revocation was prompted by Fox's current drug offenses.

Fox's composite sentence is thus ten years with two years suspended. On appeal, Fox does not challenge the appropriateness of the individual sentences he received for the two counts in this case. He argues only that imposition of these sentences consecutively to the sentences imposed by Judges Rowland and Johnstone—for a total of ten years with two years suspended—is clearly mistaken.

Given the serious nature of Fox's prior conviction, however, as well as his probationary status and the repetitive and commercial nature of his current criminal activity, the three superior court judges who imposed the sentences that make up Fox's composite term all had good cause to conclude that consecutive sentencing would be

appropriate. *Farmer v. State,* 746 P.2d 1300, 1301–02 (Alaska App.1987). After independently reviewing the entire sentencing record, we are persuaded that Fox's composite sentence of ten years with two years suspended is not clearly mistaken. *McClain v. State,* 519 P.2d 811, 813–14 (Alaska 1974).

The conviction and sentence are AFFIRMED.

MANNHEIMER, J., not participating.