Anthony J. MANCINI, Appellant,

v.

STATE of Alaska, Appellee.

No. A–4079/80.

Court of Appeals of Alaska.

Sept. 25, 1992.

---

Margaret W. Berck, Asst. Public Defender, Juneau, and John B. Salemi, Public Defender, Anchorage, for appellant.

J. Ron Sutcliffe, Asst. Dist. Atty., Richard A. Svobodny, Dist. Atty., and Charles E. Cole, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and MANNHEIMER, JJ.

## OPINION

BRYNER, Chief Judge.

Anthony J. Mancini entered pleas of no contest to, and was convicted of, one count of theft in the second degree, a class C felony, and one count of sexual abuse of a minor in the second degree, a class B felony. AS 11.46.130(a)(1) and AS 11.41.-436(a)(2). Superior Court Judge Walter L. Carpeneti sentenced Mancini to consecutive terms totalling ten years with one year suspended. Mancini appeals, arguing that the sentencing court erred in imposing consecutive sentences. Mancini also challenges the court's acceptance of one of the state's proposed aggravating factors and its rejection of one of Mancini's proposed mitigating factors. Finally, Mancini contends that the court erroneously added a condition of probation to the written judgment. We remand for resentencing.

Mancini was convicted of second-degree theft for stealing watches, jewelry, coins, and other objects from the home of a man who had befriended him. The total value of the stolen property, for restitution purposes, was determined to have been $1,815. Mancini was convicted of second-degree sexual abuse of a minor for sexually abusing the seven-year-old daughter of a woman with whom he lived. The sexual abuse charge was wholly unrelated to the theft charge, but the two cases were consolidated for sentencing after Mancini entered pleas of no contest.

At the ·time of these offenses, Mancini was thirty years of age. He has an extensive criminal record and a history of juvenile offenses dating back to 1974. As an adult, Mancini has been convicted in California and Arizona of numerous crimes, including at least four felonies: second-degree burglary, grand theft, escape, and felony theft. Prior to his sentencing hearing, Mancini conceded that he had at least two prior felony convictions for presumptive sentencing purposes. By virtue of these prior felonies, Mancini was subject to a presumptive term of three years for second-degree theft, a class C felony. See AS 11.46.130(b); AS 12.55.125(e)(2). He was subject to a six-year presumptive term for sexual abuse of a minor in the second degree, a class B felony. See AS 11.41.-436(b); AS 12.55.125(d)(2).

After finding no mitigating factors applicable to either charge, three aggravating factors applicable to the theft charge, and four aggravating factors applicable to the sexual abuse charge, Judge Carpeneti imposed the three-year presumptive term for theft and a consecutive term of seven years with one year suspended for sexual abuse. The judge ordered Mancini to complete three years' probation upon his release from prison.

On appeal, Mancini first contends that Judge Carpeneti was mistaken in deciding to impose his sentences consecutively. Relying on *Lacquement v. State*, 644 P.2d 856 (Alaska App.1982), and *Jones v. State*, 744 P.2d 410, 414–15 (Alaska App.1987) (Singleton, J., concurring), Mancini argues that the judge should have used the six-year presumptive term for sexual abuse (the more serious of Mancini's two offenses) as the starting point for his sentencing analysis and should not have exceeded that benchmark without good cause. Mancini faults Judge Carpeneti for beginning his sentencing analysis by assuming that consecutive sentences would be warranted—an approach which, in Mancini's view, was prompted by the judge's undue reliance on the statutory preference for consecutive sentences expressed in AS 12.-55.025(e) and (g).[1]

---

1. AS 12.55.025(e) and (g) provide:

    (e) Except as provided in (g) and (h) of this section, if the defendant has been convicted of two or more crimes, sentences of imprisonment shall run consecutively. If the defendant is imprisoned upon a previous judgment of conviction for a crime, the judgment shall provide that the imprisonment commences at the expiration of the term imposed by the previous judgment.

    (g) If the defendant has been convicted of two or more crimes before the judgment on either has been entered, any sentences of imprisonment may run concurrently if

    (1) the crimes violate similar societal interests;

In *Lacquement v. State,* 644 P.2d at 862, this court held that an offender who is simultaneously convicted for multiple offenses could be sentenced to consecutive terms exceeding the presumptive term for the single most serious offense only if the sentencing court made an express finding that the total term was actually necessary for the protection of the public. We subsequently modified the *Lacquement* rule, however, abandoning the narrow requirement of a finding of public danger and indicating that consecutive sentences exceeding the presumptive term for the most serious offense may be imposed for any reason that is sound. *See Farmer v. State,* 746 P.2d 1300, 1301–02 (Alaska App.1987). In *Farmer,* we stated:

> When an offender is convicted of multiple crimes, the presumptive term for the most serious crime remains an important benchmark—a benchmark that is not to be exceeded without good reason.... [H]owever, the appropriate focus is no longer on the narrow issue of public danger, but rather on whether a composite sentence exceeding the presumptive term is warranted under the totality of the circumstances.

*Id.*

■ In the present case, as Mancini correctly notes, Judge Carpeneti took a somewhat different approach than the one we suggested in *Farmer.* The judge started from the premise that consecutive sentences would be appropriate and inquired whether good reasons existed to impose concurrent, or partially concurrent, terms. Finding none, Judge Carpeneti ordered Mancini to serve his sentences consecutively. In context, however, this departure

from the *Farmer* approach seems inconsequential.

The fundamental concern of *Farmer* is not the point at which the court begins its process of determining an appropriate sentence, but rather the point at which the process concludes. Under *Farmer,* the crucial inquiry is whether the composite term actually imposed "is warranted under the totality of the circumstances." *Id.* at 1302. Whatever starting point the court might choose in a given case, the result it ultimately arrives at should be the same, as long as the court is aware of its discretion to impose concurrent sentences, gives consideration to that alternative, and decides on the composite sentence for reasons that are sound in light of the totality of the circumstances.

Here, Judge Carpeneti was fully aware of his authority to impose Mancini's sentences concurrently; the judge seriously considered this alternative in light of the totality of the circumstances, but ultimately rejected it. Although the judge recognized and gave deference to the preference for consecutive sentencing expressed in AS 12.55.025(e) and (g), this was only one among many factors the judge considered. In our view, Judge Carpeneti did not give this factor undue prominence. Considering Mancini's extensive criminal history, the wholly unrelated nature of the offenses for which he was convicted, and the fact that the offenses involved different victims, Judge Carpeneti was not clearly mistaken in concluding that a composite term of ten years with one year suspended was warranted under the totality of the circumstances. We find no error in the court's decision to impose consecutive sentences.

(2) the crimes are part of a single, continuous criminal episode;

(3) there was not a substantial change in the objective of the criminal episode, including a change in the parties to the crime, the property or type of property right offended, or the persons offended;

(4) the crimes were not committed while the defendant attempted to escape or avoid detection or apprehension after the commission of another crime;

(5) the sentence is not for a violation of AS 11.41.100–11.41.470; or

(6) the sentence is not for a violation of AS 11.41.500–11.41.530 that results in physical injury or serious physical injury as those terms are defined in AS 11.81.900.

In *State v. Andrews,* 707 P.2d 900 (Alaska App.1985), *aff'd,* 723 P.2d 85 (Alaska 1986), we construed this statutory language to express a preference for consecutive sentencing, while leaving judges with discretion to impose concurrent sentences.

■ Mancini separately contends that Judge Carpeneti erred in rejecting a proposed mitigating factor as to the theft offense: that "the facts surrounding the commission of the [theft] offense and any previous offenses by the defendant establish that the harm caused by the defendant's conduct is consistently minor and inconsistent with the imposition of a substantial period of imprisonment." AS 12.55.155(d)(13).

■ As the proponent of the proposed mitigating factor, Mancini bore the burden of proving it by clear and convincing evidence. AS 12.55.155(f). With regard to Mancini's current theft conviction, the value of the stolen property was $1,815. While not particularly great, this is nevertheless considerably above the $500 jurisdictional limit for second-degree theft. AS 11.46.130(a)(1). The stolen property included jewelry and personal effects, some of which apparently had considerable sentimental value to their owner. The owner of the property was a man who had befriended Mancini when Mancini and his family were homeless and impoverished. Mancini stole the articles from the home of the owner. Considering the totality of the circumstances, it is far from clear that Mancini's conduct in the current case caused harm that was "minor and inconsistent with the imposition of a substantial period of imprisonment." AS 12.55.155(d)(13).

Moreover, at the sentencing hearing, for purposes of establishing that his past crimes involved only minor harm, Mancini relied primarily on information contained in the presentence report and in various court records. This information was sketchy at best. While the totality of the information tended to indicate that Mancini's past crimes were not particularly serious, Judge Carpeneti was not clearly erroneous in concluding that it fell considerably short of clear and convincing proof that Mancini's past crimes had caused harm that was consistently minor. We find no error in the court's rejection of this mitigating factor.

■ Mancini next contends that Judge Carpeneti erred in finding an aggravating factor applicable to his cases. The state alleged that Mancini was subject to the aggravating factor specified in AS 12.55.155(c)(15), which applies when "the defendant has three or more prior felony convictions." Although Mancini acknowledged at the sentencing hearing that two of his out-of-state felony convictions were for offenses with elements similar to felonies under Alaska law, and that these convictions subjected him to presumptive sentencing as a third offender, he contended that his remaining out-of-state felonies did not qualify as prior felony convictions under AS 12.55.145(a)(2).

Under AS 12.55.145(a)(2) a prior conviction triggers presumptive sentencing when it is

a conviction in this or another jurisdiction of an offense having elements similar to those of a felony defined as such under Alaska law at the time the offense was committed is considered a prior felony conviction[.]

At Mancini's sentencing hearing, the state did not dispute Mancini's contention that only two of his out-of-state convictions qualified as prior felony convictions under AS 12.55.145(a)(2). In the state's view, however, the definition of a "prior felony conviction" for purposes of triggering presumptive sentencing, as set out in AS 12.55.145(a)(2), was inapplicable in determining whether Mancini had three or more prior felony convictions for purposes of the proposed aggravating factor. The state argued that, for purposes of aggravating factor (c)(15), a "prior felony conviction" would include any out-of-state conviction that was treated as a felony by the state in which it was entered. Over Mancini's objection, Judge Carpeneti adopted the state's argument and found the aggravating factor to be applicable. Mancini challenges the court's ruling.

Our holding in *Kuvaas v. State*, 696 P.2d 684 (Alaska App.1985), is highly relevant on this issue. There, we found that the definition of "prior felony conviction" in AS 12.55.145(a)(2) was applicable to aggravating factor AS 12.55.155(c)(20); this factor applies if the defendant commits a crime while "on furlough ... or on parole or

probation for another felony charge or conviction[.]" We said, in *Kuvaas:*

> [I]f we do not apply the definition of felony conviction in AS 12.55.145(a)(2), we must either have no definition of what a prior "felony charge or conviction" is under AS 12.55.155(c)(2) or we must make one out of whole cloth. It seems to us to be preferable to use the definition of felony conviction which is set forth in AS 12.55.145(a)(2). This construction ... appears to be consistent with the rule of statutory construction that "ambiguities in penal statutes must be narrowly read and construed strictly against the government."

*Kuvaas v. State,* 696 P.2d at 685 (citation omitted).[2]

The conclusion we reached with regard to aggravating factor (c)(20) in *Kuvaas* seems particularly appropriate with regard to aggravating factor (c)(15), given the purpose for which factor (c)(15) was adopted:

> [The statutory amendment enacting this factor] treats the presence of three or more prior felony convictions as an aggravating factor. This amendment is required since the Code recognized that two or more prior felony convictions will place the defendant in the most serious category for purposes of presumptive sentencing. However, no provision specifically allows the judge to consider the fact that the defendant may have, for example, six prior felonies as opposed to only two. This amendment allows the judge to consider prior felonies beyond those necessary to place the defendant in the most serious category of presumptive sentencing as an aggravating factor.

Commentary and Sectional Analysis for the 1980 Amendments to Alaska's Revised Criminal Code, 1980 Senate Journal Supp. No. 44 at 24–25, 1980 Senate Journal 1436.

■ This commentary establishes that aggravating factor (c)(15) and the statutory provisions triggering presumptive sentencing are integrally related—a relationship strongly suggesting that the definition of "prior felony conviction" set forth in AS 12.55.145(a)(2) was meant to apply to aggravating factor (c)(15). Accordingly, we conclude that the definition set forth in AS 12.55.145(a)(2) must govern AS 12.55.155(c)(15). Since it is undisputed here that no more than two of Mancini's prior convictions qualified as prior felony convictions under this definition, Judge Carpeneti erred in finding aggravating factor (c)(20) applicable to Mancini's cases.

■ The state argues that any error was harmless, because Judge Carpeneti found other aggravating factors applicable and because Mancini's sentences reflect only minimal adjustments to the applicable presumptive terms. However, Judge Carpeneti's sentencing remarks establish that his decision to impose consecutive sentences was at least partially influenced by the existence of aggravating factors. It is impossible for us to determine whether the judge's mistaken reliance on factor (c)(15) had any appreciable influence on Mancini's composite sentence. Under the circumstances, we find it necessary to remand for

---

**2.** In finding the definition set forth in AS 12.55.145(a)(2) inapplicable for purposes of applying aggravating factor (c)(15), Judge Carpeneti found *Kuvaas* readily distinguishable. This was because he believed the wording of aggravating factor (c)(20), which we construed in *Kuvaas,* to differ significantly from the wording of factor (c)(15). It appears, however, that Judge Carpeneti mistakenly relied on the current wording of factor (c)(20), not the wording that was in effect when we decided *Kuvaas.* In its current form, AS 12.55.155(c)(20) applies if the defendant commits a crime while on furlough, probation or parole "for another felony charge or conviction that would be considered a prior felony conviction under AS 12.55.145(a)(2)." However, this wording was adopted by the legislature in 1986, shortly after we decided *Kuvaas.*

*See* ch. 37, § 19, SLA 1986. The 1986 amendment added the phrase "that would be considered a prior felony under AS 12.55.145(a)(2)" to the preexisting version of factor (c)(20), thus making the factor conform to our holding in *Kuvaas.* Prior to the 1986 amendment, the wording of factor (c)(20) was, for purposes of the present case, functionally identical to the current wording of factor (c)(15). On appeal, the state attempts to find significance in the fact that the 1986 amendment altered the language of factor (c)(20), without also changing factor (c)(15). Given the lack of any legislative history concerning the 1986 amendment, as well as the amendment's apparently narrow purpose of addressing the issue decided in *Kuvaas,* we find the state's argument unpersuasive.

resentencing without reliance on aggravating factor (c)(15).[3]

▮ Mancini's final claim involves a condition of probation. In his oral sentencing remarks, Judge Carpeneti specified that, as a condition of probation, Mancini would be required to pay restitution of $1,815 and that, in addition, he would be subject to "standard conditions of probation." The court's subsequently issued written judgment included a probation condition requiring Mancini to reside in a halfway house for the first six months following his release from prison. Mancini contends that this is not a "standard" condition of probation and that its inclusion in the written judgment was therefore improper. The state counters that the condition should be deemed standard and upheld as such.

▮ It is well settled that a sentence cannot be enhanced once it has been validly imposed in open court. *See, e.g., Love v. State,* 799 P.2d 1343 (Alaska App.1990). Moreover, it is settled that a sentence imposed by the court "must be framed with clarity and accuracy in order to avoid the possibility of injustice and confusion" and that "where a criminal sentence is ambiguous it must be interpreted in favor of the individual who has been deprived of his liberty." *Chase v. State,* 479 P.2d 337, 339–40 (Alaska 1971).

Here, the record provides no insight into precisely what Judge Carpeneti meant when he stated that Mancini would be subject to the "standard conditions of probation." We have seen the term used by sentencing judges to refer to conditions of probation that are invariably included in judgments, without regard to the specific circumstances of a given case. Conditions of this type might include the requirement of reporting regularly to a probation officer, or the duty of refraining from any violations of the law. We have no basis for determining the conditions of probation that Judge Carpeneti regularly imposes. It seems questionable, however, whether the condition disputed in this case falls into the "standard condition" category. In our experience, conditions of probation requiring six months' residency in a halfway house are imposed relatively infrequently.

It is conceivable that this condition may have been included in Mancini's written judgment by oversight or inadvertence. The issue has evidently never been presented to or considered by Judge Carpeneti. Since we must remand this case for resentencing in any event, we believe it best to refer the issue to the sentencing court on remand. If the court determines that the disputed condition is not "standard" the court should strike it from the amended judgment on remand. On the other hand, if the court concludes that the condition is one that Mancini should readily have understood to be standard, the court should make specific findings in support of this conclusion.

This case is REMANDED for resentencing.

---

3. We note an additional matter that should be addressed on remand. With regard to the theft charge, the state initially proposed, but later withdrew, the aggravating factor stated in AS 12.55.155(c)(18)(A): that the offense was committed against a member of the social unit living together with the defendant. The state also proposed aggravating factor (c)(21): that the defendant had a criminal history of similar offenses. Mancini did not dispute this latter factor. At the conclusion of the hearing on aggravating and mitigating factors, Judge Carpeneti found factor (c)(21) to be established, but did not find factor (c)(18)(A), since the state had withdrawn it as to the theft charge. Mancini's written judgment, however, mistakenly indicates that the court found factor (c)(18)(A) applicable as to the theft charge, but makes no reference to factor (c)(21), which the court did find applicable.