Floyd Joseph HARMON, Appellant,

v.

STATE of Alaska, Appellee.

No. A–7319.

Court of Appeals of Alaska.

Oct. 27, 2000.

Kathleen A. Murphy, Assistant Public Defender, and Barbara K. Brink, Public Defender, Anchorage, for Appellant.

W.H. Hawley, Jr., Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

## OPINION

STEWART, Judge.

Floyd Joseph Harmon pleaded no contest to two felony charges: one count of second-degree sexual assault[1] and one count of in-

---

1. AS 11.41.420(a)(3)(B) (sexual penetration with a person the offender knows is incapacitated), a class B felony.

cest.[2] There were no agreements regarding his sentence. The superior court imposed a sentence of 10 years with 2 years suspended for the sexual assault count and a consecutive 5 years with 4 years suspended for the incest count, a composite 9–year term to serve. Harmon raises three claims in this sentence appeal. First, he argues that double jeopardy concerns require that the two counts merge for sentencing. Second, he contends the superior court erred by finding that the sexual assault was the most serious in its class. Finally, he claims that the sentence is excessive. We affirm Harmon's sentence for the reasons stated below.

### Facts and proceedings

On October 19, 1997, C.W., her mother, Helen, and her brother, Harmon, were drinking and playing pool at a bar in Anchorage. After several hours, the three drove to Helen's home. At grand jury, C.W. testified that she fell asleep with her mother in Helen's queen-sized bed in Helen's bedroom. C.W. woke up to find Harmon raping her. C.W. testified that she yelled at the defendant and slugged him, but Harmon choked her until she lost consciousness.

Later, C.W. ran to a nearby Mapco station where the police were called. The police took C.W. to the hospital for a sexual assault examination. During the course of C.W.'s examination, the Sexual Assault Response Team nurse noted some bruising around her neck and shoulders. Her knee was also bruised. An ultraviolet examination revealed the probable presence of sperm and this was confirmed by lab tests. An examination of C.W.'s genitals revealed the presence of blood, bruising, and reddening. A consulting physician said that C.W's injuries were consistent with non-consensual intercourse.

The police obtained a *Glass*[3] warrant and recorded a conversation between C.W. and Harmon. On the recording, Harmon told C.W. that he did not remember much of the sexual assault, but apologized and said he would do anything to obtain C.W.'s forgiveness.

The grand jury indicted Harmon for one count of first-degree sexual assault[4] and one count of incest. Later, Harmon entered no contest pleas to an Information Amending Indictment. Superior Court Judge Larry D. Card imposed the sentence described above.

### Discussion

*Should the superior court have merged second-degree sexual assault and incest for sentencing?*

Before sentencing, Harmon moved to merge second-degree sexual assault and incest for purposes of sentencing. Judge Card concluded that the counts did not merge and imposed separate sentences on each count. Harmon claims that under *Whitton v. State,*[5] his conviction for incest must merge with his conviction for second-degree sexual assault to avoid double jeopardy.

In *Whitton,* our supreme court addressed whether separate punishments can be imposed for the violation of two statutes in a single course of conduct:

> The trial judge first would compare the different statutes in question, as they apply to the facts of the case, to determine whether there were involved differences in intent or conduct. He would then judge any such differences he found in light of the basic interests of society to be vindicated or protected, and decide whether those differences were substantial or significant enough to warrant multiple punishments. The social interests to be considered would include the nature of personal, property or other rights sought to be protected, and the broad objectives of criminal law such as punishment of the criminal for his crime, rehabilitation of the criminal, and the prevention of future crimes.

---

2. AS 11.41.450(a)(2), a class C felony.

3. *See State v. Glass,* 583 P.2d 872 (Alaska 1978), *on reh'g,* 596 P.2d 10 (Alaska 1979) (holding that the Alaska Constitution requires police to obtain judicial authorization before electronically monitoring or recording a person's private conversations).

4. AS 11.41.410(a)(1).

5. 479 P.2d 302 (Alaska 1970).

If such differences in intent or conduct are significant or substantial in relation to the social interests involved, multiple sentences may be imposed, and the constitutional prohibition against double jeopardy will not be violated.[6]

Judge Card analyzed the statutes in question and concluded that the social interests protected by the incest statute and the second-degree sexual assault statute are significantly distinct and that there were considerable differences in the intent or conduct that the State had to prove. Harmon argues that Judge Card misapplied the *Whitton* test.

The incest statute criminalizes any sexual penetration between certain blood relatives.[7] The subsection of the second-degree sexual assault statute under which Harmon was charged criminalizes sexual penetration with an incapacitated person independent of any relationship between the offender and victim.[8]

■ The two statutes require proof of different conduct. For the subsection of second-degree sexual assault that was charged in this case, the State was obliged to prove that Harmon engaged in sexual penetration with a person Harmon knew was incapacitated.[9] To prove incest in this case, the State was obliged to prove that Harmon engaged in sexual penetration with his sister.[10] Harmon's conviction for second-degree sexual assault did not require proof that Harmon's victim was his blood relative. Harmon's conviction for incest did not require proof that Harmon knew that his victim was incapacitated.

Furthermore, the social interests to be vindicated or protected by each statute are different. Judge Card recognized society's interest in preventing any sexual penetration between closely related people. He also recognized the different social interest protected by the subsection of second-degree sexual assault that was charged here, protecting incapacitated persons from sexual penetration. From our consideration of these factors, we agree with Judge Card's conclusion that separate sentences on Harmon's convictions for incest and second-degree sexual assault do not violate double jeopardy. In *Kailukiak v. State*,[11] we stated that corresponding first-degree sexual assault and incest counts merge. We have reconsidered that statement and conclude that it was wrong in light of our analysis above.

*Did the superior court erroneously find statutory aggravating factor (c)(10)?*

The State alleged that statutory aggravating factor AS 12.55.155(c)(10) applied to Harmon's sentencing for second-degree sexual assault. That aggravating factor requires proof that Harmon's conduct "was among the most serious included in the definition of the offense."[12] Judge Card found that the State had proven this factor by clear and convincing evidence.[13] Harmon argues that this finding was error.

■ We uphold a trial judge's finding on an aggravating factor unless the appellant convinces us that the finding is clearly erroneous.[14] When Judge Card found that the State had proved (c)(10), he mentioned C.W.'s grand jury testimony. Harmon claims that Judge Card erred by not specifically rejecting the testimony of other witnesses whose testimony did not support aggravator (c)(10). But this argument rests on

---

6. *Id.* at 312.

7. AS 11.41.450(a)(2) provides:
   A person commits the crime of incest if, being 18 years of age or older, that person engages in sexual penetration with another who is related, either legitimately or illegitimately, as a brother or sister of the whole or half blood[.]

8. AS 11.41.420(a)(3)(B) provides:
   An offender commits the crime of sexual assault in the second degree if the offender engages in sexual penetration with a person who the offender knows is incapacitated[.]

9. *See id.*

10. *See* AS 11.41.450(a)(2).

11. 959 P.2d 771, 774 n. 1 (Alaska App.1998).

12. *Id.*

13. *See* AS 12.55.155(f).

14. *See Lepley v. State*, 807 P.2d 1095, 1099 n. 1 (Alaska App.1991).

a view of the evidence that is most favorable to Harmon. Instead, Harmon must convince us that the evidence does not support Judge Card's finding even when viewed in the light most favorable to that ruling.[15]

Harmon has not met this burden. Harmon inflicted significant injuries on C.W. in addition to sexually penetrating her. He assaulted her at night while she was sleeping. According to C.W.'s testimony, Harmon's assault escalated to forcible rape when she woke up and tried to stop Harmon and he choked her until she lost consciousness. C.W.'s grand jury testimony and the description of the offense in the pre-sentence report support Judge Card's (c)(10) finding. Judge Card's (c)(10) finding is not clearly erroneous.

### Is Harmon's sentence excessive?

The grand jury indicted Harmon for first-degree sexual assault, an unclassified felony, and one count of incest, a class C felony. Harmon pleaded no contest to the Information Amending Indictment that charged second-degree sexual assault, a class B felony, and incest. Harmon was a second felony offender for purposes of presumptive sentencing because of a 1987 felony conviction. Therefore, Harmon faced a presumptive term of 4 years for second-degree sexual assault,[16] and 2 years for incest.[17]

Harmon was convicted in 1987 on one count of first-degree sexual abuse of a minor.[18] He received a presumptive sentence of 8 years. This charge involved approximately twelve admitted incidents of fellatio, cunnilingus, and penile and digital penetration with a seven-year-old girl occurring over a one- and one-half year period. Harmon was referred to sex offender treatment at Hiland Mountain. However, Harmon asked to leave the program early. The discharge summary states that he "remains a

dangerous untreated sex offender and thus poses a very real threat to the community."

Judge Card found two other statutory aggravating factors under AS 12.55.155 in addition to the (c)(10) factor discussed above. Judge Card found that aggravating factors (c)(7) (Harmon's prior conviction for first-degree sexual abuse of a minor was a more serious class of offense) and (c)(18)(B) (Harmon's offense was a sexual offense under AS 11.41 and Harmon had engaged in other sexual offenses prohibited by AS 11.41 with another victim) applied to second-degree sexual assault. Harmon did not allege any statutory mitigating factors.

Under *Farmer v. State,*[19] when an offender is sentenced for multiple crimes, the presumptive term for the most serious offense is a benchmark that should not be exceeded without good reason.[20] Because of Harmon's prior felony conviction, he faced a presumptive 4 year sentence for second-degree sexual assault, the more serious offense.[21]

Judge Card considered the *Chaney*[22] criteria and found that Harmon's rehabilitation was not totally "out the window" but that Harmon was "untreated." Judge Card stressed reaffirmation of societal norms and community condemnation and the deterrence of Harmon and others similarly situated. Considering all the factors, Judge Card concluded that a sentence in excess of the presumptive term. was required. Judge Card imposed the composite 9 year term to serve.

Harmon, a second felony offender, sexually assaulted C.W., his sister. C.W. received multiple injuries during the assault and Harmon choked her into unconsciousness. Harmon had a prior felony conviction for another offense and failed at sex offender treatment after his previous sex offense. From our review of the record, we are not able to say

---

**15.** *See Steve v. State,* 875 P.2d 110, 125 (Alaska App.1994) (*citing Degler v. State,* 741 P.2d 659, 661 (Alaska App.1987)).

**16.** *See* AS 12.55.125(d)(1).

**17.** *See* AS 12.55.125(e)(1).

**18.** AS 11.41.434(a)(1).

**19.** 746 P.2d 1300 (Alaska App.1987).

**20.** *See id.* at 1301.

**21.** *See* AS 12.55.125(d)(1).

**22.** *See State v. Chaney,* 477 P.2d 441, 443–44 (Alaska 1970).

that Harmon's composite 9 year term to serve is clearly mistaken.[23]

*Conclusion*

The judgment of the superior court is AFFIRMED.

**23.** *See McClain v. State,* 519 P.2d 811, 812–14 (Alaska 1974) (an appellate court is to affirm a sentencing decision unless the decision is clearly mistaken).