**Robert C. FITZGERALD, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–7895.**

Court of Appeals of Alaska.

March 8, 2002.

David D. Reineke, Assistant Public Defender, and Barbara K. Brink, Public Defender, Anchorage, for Appellant.

Donald R. Kitchen, Assistant District Attorney, Susan A. Parkes, District Attorney, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

*OPINION*

MANNHEIMER, Judge.

Robert C. Fitzgerald was convicted of first-degree sexual abuse of a minor in December 2000. Because Fitzgerald was a "third felony offender" for presumptive sentencing purposes, he faced a 25-year presumptive term of imprisonment for this crime. Based on Fitzgerald's criminal record and on the State's proof of five aggravating factors, Superior Court Judge *pro tempore* John R. Lohff concluded that Fitzgerald was a worst offender, and he sentenced him to the maximum penalty for this offense: 30 years' imprisonment. In addition, Judge Lohff revoked Fitzgerald's probation from three prior sexual felonies and imposed 8 years of previously suspended jail time. Thus, Fitzgerald received a composite term of 38 years to serve.

Fitzgerald now appeals this sentence, contending that it is excessive. But as we explain in this opinion, the record supports

Judge Lohff's conclusion that Fitzgerald is a mature offender whose sexual abuse of children is compulsive or ingrained, an offender who will constitute a danger to the community for the rest of his life. We therefore affirm Fitzgerald's sentence.

### Fitzgerald's 1988 convictions

In 1988, Fitzgerald was convicted of four sexual offenses involving four different child victims: (1) attempted first-degree sexual assault[1] for trying to rape a 14–year old girl; (2) second-degree sexual abuse of a minor[2] for engaging in sexual contact with a 7–year-old girl over the course of approximately nine months; (3) attempted first-degree sexual abuse of a minor[3] for trying to induce an 8–year-old girl to perform fellatio on him; and (4) another count of second-degree sexual abuse of a minor for engaging in sexual contact with an 8–year-old girl over the course of a year.

Fitzgerald pleaded no contest to these four felonies after negotiating a plea agreement with the State in which he was promised a composite sentence of 20 years' imprisonment with 8 years suspended—12 years to serve.

The investigation of these crimes was triggered when Fitzgerald's daughter revealed that Fitzgerald had sexually abused her from the time she was 4 years old until she was 10 or 11. (Fitzgerald was not charged with sexually abusing his daughter; the four charges described in the previous paragraph involved different girls.) When Fitzgerald's wife confronted him with their daughter's accusations, Fitzgerald confessed that he had engaged in sexual relationships with several underage girls.

From 1976 to 1981, Fitzgerald was a math teacher and athletics coach at East High School in Anchorage. Fitzgerald told his wife that he had had sexual intercourse with two 14–year-old students; sometimes, he and his students had sex in his classroom. In the fall of 1981, another teacher discovered Fitzgerald having sex with a student in a classroom. Apparently, Fitzgerald was nei-

ther charged nor disciplined for his sexual relations with his students, but shortly afterwards he began taking steps toward retirement. He received a medical retirement from the Anchorage School District at the end of November 1981.

Fitzgerald also owned several rental properties in Anchorage. As a landlord, he rented homes to single mothers with female children, and then he groomed the children for sexual relationships. All four victims involved in Fitzgerald's 1988 convictions were children of his tenants. In addition, Fitzgerald was tutoring the fourth victim in math during the year-long sexual abuse. Fitzgerald told his wife that he was in love with this 8–year-old girl.

As explained above, Fitzgerald was promised a total sentence of 12 years to serve in exchange for his no contest pleas. Nevertheless, the probation officer who conducted the pre-sentence investigation took the unusual step of suggesting that this 12–year sentence seemed unjustifiably lenient:

> The defendant is a retired math teacher from the Anchorage School District. . . . In addition to the authority the defendant commanded as a school teacher, he also has been [the landlord] of a number of rental units. . . . He has used that position of authority and trust to victimize a number of young girls. He has a pattern of abusing the children of single mothers. The defendant has enticed the children with rewards of new clothes, ice cream, and other things the children might find irresistible, all of this, for . . . sexual gratification. . . .
>
> In my opinion, the defendant is in the worst offender category, considering the number of victims involved, the period of time the offense[s] occurred and the calculated premeditation the defendant used in cho[o]sing his victims. When [one considers that] the crimes for which the defendant [pleaded no contest] carry a maximum sentence of 60 years, 12 years [to serve] does not seem long enough, espe-

---

1. AS 11.41.410(a)(1).

2. AS 11.41.436(a)(2).

3. AS 11.41.434(a)(1).

cially when 4 years of that will be [awarded to him as] good time.

Despite the pre-sentence investigator's skepticism, the superior court accepted the plea agreement and imposed the agreed-upon sentence in January 1988. Fitzgerald commenced serving his 12–year prison term.

In 1990, in the middle of his Alaska prison sentence, Fitzgerald was separately convicted of child abuse and attempted sexual molestation of a child in Arizona. This conviction involved the same victim as one of the Alaska charges; the offense occurred during a month when Fitzgerald accompanied the child and her mother to Arizona. The Arizona court sentenced Fitzgerald to 5 years' imprisonment for this crime, but Fitzgerald immediately returned to Alaska and resumed serving his Alaska sentence.

While serving his sentence, Fitzgerald participated in the sexual offender treatment program at Hiland Mountain Correctional Center. The record does not indicate how the staff of that program evaluated his progress.

Through a combination of pre-sentencing credit for time served and good time credit, Fitzgerald was released on concurrent parole and probation in May 1994.

### Fitzgerald's current conviction

In August 1999, the grandmother of a 6–year–old girl notified the Division of Family and Youth Services that she believed her granddaughter was being sexually abused. The 6–year–old had told her grandmother that "Bud"—*i.e.*, Fitzgerald—had taught her how to kiss by putting her tongue in the other person's mouth. She also said that Fitzgerald had touched her genital area.

The girl subsequently told a police investigator that Fitzgerald would have her take off her clothes, and he would take his clothes off too. Fitzgerald would then put his fingers inside her genitals and her anus. Fitzgerald would also sometimes lie on top of her and try to put his penis inside her. The girl said that "white sticky stuff" would come out of Fitzgerald's penis.

These acts of sexual abuse occurred over the course of seven months, on occasions when Fitzgerald's girlfriend was babysitting the 6–year–old girl. (Apparently, Fitzgerald's girlfriend also participated in the sexual abuse of the child.)

Fitzgerald was originally indicted on several counts of first-degree sexual abuse of a minor (sexual penetration) and second-degree sexual abuse of a minor (sexual contact). However, he ultimately agreed to plead no contest to a single count of first-degree sexual abuse, and the other charges were dismissed.

### Fitzgerald's sentence

Fitzgerald was 59 years old at the time of his sentencing hearing. As already noted, he had four prior felony convictions in Alaska (as well as a prior felony conviction from Arizona). He was therefore a "third felony offender" for presumptive sentencing purposes.[4] As a third felony offender, Fitzgerald faced a 25 year presumptive term for first-degree sexual abuse of a minor.[5]

Judge Lohff found that the State had proved five of the aggravating factors listed in AS 12.55.155(c): aggravator (c)(5)—that Fitzgerald's victim was particularly vulnerable; aggravator (c)(10)—that Fitzgerald's conduct was among the most serious within the definition of the crime; aggravator (c)(15)—that Fitzgerald had more than two prior felony convictions; aggravator (c)(20)—that Fitzgerald had committed his current offense while on probation from his 1988 felony convictions [6]; and aggravator (c)(21)—that Fitzgerald had a history of similar offenses. No mitigating factors were proved. Thus, the 25–year presumptive term was effectively the minimum sentence that Judge Lohff could impose.

---

4. *See* AS 12.55.185(14).

5. *See* AS 12.55.125(i)(4).

6. Actually, Fitzgerald's probation expired on May 24, 1999—in the middle of the seven months covered by the charging document (March through September). However, Judge Lohff found that this aggravator was proved because the sexual abuse began and continued for two months while Fitzgerald was still on probation. Fitzgerald does not challenge this ruling.

Fitzgerald's attorney asked Judge Lohff to impose 25 years to serve with some additional time suspended. However, Judge Lohff concluded that a more severe sentence was required.

The judge found that Fitzgerald was a "worst offender".[7] In reaching this conclusion, Judge Lohff noted that Fitzgerald had used his position as a teacher and his position as a landlord to further his crimes; he premeditatedly sought victims from among his students and his tenant families. In addition, Judge Lohff remarked on Fitzgerald's recidivism and his failure to benefit from sex offender treatment. In fact, Judge Lohff noted, Fitzgerald pursued the victim in this case at the same time that he was participating in sex offender treatment. All of this led Judge Lohff to conclude that Fitzgerald was a particularly dangerous offender.

Judge Lohff concluded that Fitzgerald should receive the maximum sentence—30 years' imprisonment—for his current offense of first-degree sexual abuse of a minor. And, because Fitzgerald posed a high danger to the public, Judge Lohff exercised his authority under AS 12.55.115 and declared that Fitzgerald would not be eligible for discretionary parole during this 30–year prison term.

(Even without Judge Lohff's action, Fitzgerald would not be eligible for discretionary parole until he served the 25–year presumptive term plus one-fourth of the added 5 years. *See* AS 33.16.090(c) and AS 33.16.100(c)-(d).)

Finally, also because of the danger that Fitzgerald posed to the public, Judge Lohff revoked Fitzgerald's probation from the 1988 convictions and imposed the 8 years that had been suspended earlier. Thus, all told, Fitzgerald received a composite sentence of 38 years' imprisonment.

*Why we affirm Fitzgerald's sentence*

In *Lacquemont v. State*[8] and *Farmer v. State*[9], this court held that the presumptive term for a defendant's most serious offense is a sentencing benchmark that should not be exceeded absent some good reason.[10] Relying on these cases, Fitzgerald argues that his composite sentence should not have exceeded the 25–year presumptive term for his current offense. But Judge Lohff found five aggravating factors. Moreover, the judge explicitly found, based on Fitzgerald's record, that Fitzgerald was a worst offender. Thus, Judge Lohff was authorized to consider (and impose) any sentence up to the 30–year maximum term of imprisonment.[11]

Fitzgerald argues in the alternative that, even if a 30–year sentence was justified, Judge Lohff erred in imposing a composite of 38 years. Fitzgerald relies on the *Mutschler* rule that a defendant's composite sentence should normally not exceed the maximum sentence for the defendant's most serious offense.[12] But under the *Mutschler* rule, a sentencing judge is allowed to exceed the normal ceiling if the judge finds that a more severe sentence is necessary to protect the public.[13] Although Judge Lohff did not refer to *Mutschler* by name, he expressly declared that considerations of public safety required him to revoke Fitzgerald's probation from the 1988 felonies. He stated that a consecutive 8–year term was needed "to protect the public and to ensure that [Fitzgerald] is not [able] to pursue any other victims".

Fitzgerald's composite 38–year sentence is among the most severe that we have reviewed for sexual abuse of minors. However, Fitzgerald is a mature defendant who has repeatedly demonstrated a deep-seated compulsion to engage in sexual relations with young children. Fitzgerald was 59 years old

**7.** *See State v. Wortham*, 537 P.2d 1117, 1120 (Alaska 1975); *Napayonak v. State*, 793 P.2d 1059, 1062 (Alaska App.1990).

**8.** 644 P.2d 856 (Alaska App.1982), *overruled on other grounds by Jones v. State*, 744 P.2d 410 (Alaska App.1987).

**9.** 746 P.2d 1300 (Alaska App.1987).

**10.** *See Farmer*, 746 P.2d at 1301.

**11.** *See* AS 12.55.155(a); *see also Wortham*, 537 P.2d at 1120; *Napayonak*, 793 P.2d at 1062.

**12.** *See Mutschler v. State*, 560 P.2d 377, 381 (Alaska 1977); *George v. State*, 836 P.2d 960, 963–64 (Alaska App.1992).

**13.** *See George*, 836 P.2d at 963.

at the time of the sentencing hearing. His sexual abuse of children—as a father, as a teacher, and as a landlord—spans twenty-five years, beginning in the mid–1970s. During this quarter-century, Fitzgerald has abused and exploited numerous young children, interrupted only by the prison sentence from his 1988 convictions. He has undergone sex offender treatment, but to little avail.

In the past, this court has upheld lengthy sentences for defendants convicted of sexual offenses—sentences exceeding the maximum prison term for the defendant's most serious offense—in cases involving "middle-aged men with engrained patterns of sexual abuse".[14] For example, in *Kirlin v. State*, 779 P.2d 1251 (Alaska App.1989), we upheld a composite sentence of 12 years to serve for a defendant convicted of two counts of second-degree sexual abuse of a minor—a class B felony with a maximum term of 10 years' imprisonment.[15]

More to the point, perhaps, are our decisions in *Ross v. State*[16], *Schuenemann v. State*[17], and *Adams v. State*[18], where we upheld "virtual lifetime sentences" for mature sexual offenders who demonstrated "ingrained, compulsive criminal [behavior]".[19] Fitzgerald's case fits this description.

It is true that *Ross, Schuenemann,* and *Adams* all involved defendants who engaged in violent sexual assault. But the legislature has categorized first-degree sexual abuse of a minor in the same class of felony as first-degree sexual assault.[20] That is, both offenses are presumptively equally dangerous to the public welfare and equally deserving of severe punishment.

(We note, moreover, that Fitzgerald has shown himself capable of violence in pursuit of his sexual pleasure; one of his 1988 convic-

tions was for the attempted rape of a 14–year–old girl.)

For these reasons, we conclude that Fitzgerald's composite sentence of 38 years' imprisonment is not clearly mistaken.[21] Accordingly, the judgement of the superior court is AFFIRMED.

---

14. *Williams v. State,* 928 P.2d 600, 608 (Alaska App.1996).

15. *See* AS 11.41.436(b) and AS 12.55.125(d).

16. 877 P.2d 777 (Alaska App.1994).

17. 781 P.2d 1005 (Alaska App.1989).

18. 927 P.2d 751 (Alaska App.1996).

19. *Ross,* 877 P.2d at 782 (quoting *Schuenemann,* 781 P.2d at 1009).

20. *See* AS 11.41.410(b); AS 11.41.434(b); and AS 12.55.125(i).

21. *See McClain v. State,* 519 P.2d 811, 813–14 (Alaska 1974) (an appellate court is to affirm a sentencing decision unless the decision is clearly mistaken).