Tracy L. RANDALL, Appellant,

v.

STATE of Alaska, Appellee.

No. A–8021.

Court of Appeals of Alaska.

March 22, 2002.

David D. Reineke, Assistant Public Defender, and Barbara K. Brink, Public Defender, Anchorage, for Appellant.

James J. Fayette, Assistant District Attorney, Susan A. Parkes, District Attorney, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

1. AS 11.41.210(a)(1) and AS 11.46.130(a)(6), respectively.

2. Second-degree assault is a class B felony, *see* AS 11.41.210(b), and second felony offenders convicted of this crime face a 4–year presump-

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

*OPINION*

MANNHEIMER, Judge.

Tracy L. Randall shoplifted a nail gun from an Anchorage pawn shop. A store clerk followed Randall, confronted him in the parking lot, and retrieved the nail gun. As the clerk was walking back to the store entrance, Randall hit her with his car. The clerk sustained torn ligaments in her leg.

Randall was indicted for first-degree robbery, assault in the first and second degrees, second-degree theft, and driving while his license was suspended. He ultimately pleaded no contest to second-degree assault and second-degree theft.[1]

Randall had previously been convicted of second-degree theft. Because he was a second felony offender, he faced a 4–year presumptive term for the class B felony of second-degree assault and a 2–year presumptive term for the class C felony of second-degree theft.[2]

Superior Court Judge Larry D. Card found (in fact, Randall conceded) that the State had proved several aggravating factors under AS 12.55.155(c) with respect to the second-degree assault charge: (c)(10)—that Randall's conduct was among the most serious within the definition of second-degree assault because, factually, he was guilty of first-degree assault; (c)(19)—that Randall had been adjudicated a delinquent minor for conduct that would have been a felony had he been an adult; and (c)(4)—that Randall used a dangerous instrument (the automobile) in the commission of the assault. In addition, with respect to the second-degree theft charge, Judge Card found that the State had proved aggravator (c)(21)—that Randall had a history of similar offenses. Randall did not propose any mitigating factors.

On the charge of second-degree assault, Judge Card imposed the 4–year presumptive

tive term. *See* AS 12.55.125(d)(1). Second-degree theft is a class C felony, *see* AS 11.46.130(c), and second felony offenders convicted of this crime face a 2–year presumptive term. *See* AS 12.55.125(e)(1).

term but added another 4 years of suspended jail time (*i.e.*, 8 years' imprisonment with 4 years suspended). On the charge of second-degree theft, Judge Card imposed a sentence of 3 years' imprisonment, but he made 2½ years concurrent with Randall's sentence for assault. Thus, Randall received a composite 4½ years to serve.

On appeal, Randall argues that this sentence is excessive—that he should not have received more than 4 years to serve. He relies on the rule announced in *Farmer v. State*, 746 P.2d 1300, 1301 (Alaska App.1987): "When an offender is convicted of multiple crimes, the presumptive term for the most serious crime [is] a benchmark that is not to be exceeded without good reason."

But Judge Card found that the State had proved several aggravating factors. Because of these aggravating factors, Judge Card was authorized to increase Randall's sentence for second-degree assault above the 4–year presumptive term. Our review of the record convinces us that Judge Card would not have been clearly mistaken if, based on these aggravating factors, he had sentenced Randall to 4½ years to serve for the assault conviction. It necessarily follows that these aggravating factors constituted the "good cause"

required by *Farmer* to support a composite sentence of 4½ years to serve.

Moreover, Randall was convicted of two factually separate crimes. Although both crimes arose from the same incident, Randall's theft of the nail gun was over when he assaulted the store clerk with his car. This fact also supports Judge Card's decision to impose at least partially consecutive sentences for these two offenses.

Randall faced an effective minimum sentence of 4 years to serve for the assault alone (because he proposed no mitigating factors that would have allowed Judge Card to reduce the applicable 4–year presumptive term). Randall's separate conviction for the theft of the nail gun provided good cause for Judge Card to impose a consecutive half-year's imprisonment for that crime.

The superior court's sentencing decision is AFFIRMED.